# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., <br><br> Plaintiff, <br><br> v. <br><br> LULULEMON USA INC. <br><br> Defendant. | Case No. **1:23-cv-00771** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL REQUESTED** |

Plaintiff Nike, Inc. ("Nike") for its Complaint against Defendant lululemon usa inc. ("lululemon") alleges as follows:

## THE PARTIES

1.   Nike is a corporation organized under the laws of the State of Oregon with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

2.   On information and belief, lululemon usa inc. is a corporation existing under the laws of the State of Nevada, with its principal place of business at 1818 Cornwall Avenue, Vancouver, British Columbia V6J 1C7. lululemon operates its own retail stores, as well retail stores for various subsidiary companies, and advertises, markets, distributes, and/or sells retail merchandise in the City and State of New York and throughout the world. lululemon is doing business in the State of New York and operates multiple retail locations in the State of New York.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over lululemon because lululemon has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400 because lululemon maintains a regular and established place of business in this District and has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, offering to sell, selling, and/or importing products that infringe one or more claims of Nike's patents at issue in this lawsuit.

## FACTUAL BACKGROUND

6. Nike's principal business activity is the design, development and worldwide marketing and selling of athletic footwear, apparel, and equipment.

7. Nike invests heavily in research, design, and development; and those efforts are key to Nike's success.

8. Nike's investments in research, design, and development have led to many innovative technologies, including the technologies at issue in this case.

9. Nike has taken steps to protect its innovative technologies, including by filing and obtaining patents around the world.

10. Relevant to this dispute, Nike owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, the U.S. patents directed to its

Flyknit technology as claimed in U.S. Patent Nos. 8,266,749; 9,375,046; and 9,730,484 (collectively, the "Asserted Patents"). The U.S. Patent and Trademark Office duly and legally issued each of the Asserted Patents. A true and correct copy of each of the Asserted Patents is attached as an exhibit to the Complaint as shown below.

| Patent Number | Issue Date | Complaint Ex. |
|---|---|---|
| U.S. Patent No. 8,266,749 | September 18, 2012 | 1 |
| U.S. Patent No. 9,375,046 | June 28, 2016 | 2 |
| U.S. Patent No. 9,730,484 | August 15, 2017 | 3 |

11. The Asserted Patents are presumed to be valid.

12. Nike gives the public, including lululemon, notice of at least the '749 Asserted Patent by marking its products pursuant to 35 U.S.C § 287(a), including by virtually marking products at http://www.nike.com/patentsvirtualmarking.

13. Without Nike's authorization, lululemon makes, uses, offers for sale, sells, and/or imports into the United States products that practice the claimed inventions of the Asserted Patents.

14. lululemon's products that infringe claims of the Asserted Patents include at least the Chargefeel Mid, Chargefeel Low, Blissfeel, and Strongfeel footwear products shown below (the "Infringing Products").





| Blissfeel | Strongfeel |
|---|---|

15. On information and belief, lululemon sells and offers to sell the Infringing Products directly to customers through its e-commerce website, https://shop.lululemon.com, and its retail stores.

16. On information and belief, lululemon sells the Infringing Products directly to customers in the United States, including in this District.

17. lululemon has infringed, and continues to infringe, the Asserted Patents by making, using, selling, offering to sell, and/or importing the Infringing Products in this District and elsewhere in the United States without the consent or authorization of Nike.

### FIRST CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 8,266,749)

18. Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1-17 of this Complaint.

19. U.S. Patent No. 8,266,749 (the "'749 patent") is generally directed to a method of manufacturing an article of footwear with a textile element, where the textile element is simultaneously knitted with a surrounding textile structure, and the textile element has a knitted texture that differs from the knitted texture in the surrounding textile structure.

20. For example, claim 1 of the '749 patent recites:

> A method of manufacturing an article of footwear, the method comprising:
>> simultaneously knitting a textile element with a surrounding textile structure, the knitted textile element having at least one knitted texture that differs from a knitted texture in the surrounding knitted textile structure;
>> removing the knitted textile element from the surrounding knitted textile structure;
>> incorporating the knitted textile element into the article of footwear.

21. On information and belief, lululemon directly infringes at least claim 1 of the '749 patent under at least § 271(g). For example, lululemon imports into the United States at least the Infringing Products, which, as shown in greater detail in Exhibit 4 attached hereto, were manufactured using a process that satisfies each and every limitation of claim 1 because, on information and belief, lululemon manufactures (or has manufactured for it) those shoes by simultaneously knitting a textile element with a surrounding textile structure, the knitted textile element having at least one knitted texture that differs from a knitted texture in the surrounding knitted textile structure; removing the knitted textile element from the surrounding knitted textile structure; and incorporating the knitted textile element into the article of footwear.

22. On information and belief, the Infringing Products are not materially changed by subsequent processes after importation, nor do those products become a trivial or nonessential component of another product after importation.

23. Nike has suffered, and continues to suffer, economic harm as a result of lululemon's infringing activities in an amount to be proven at trial.

24. lululemon's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins lululemon's infringing activities under 35 U.S.C. § 283.

25. On information and belief, lululemon's infringement of the '749 patent will continue unless enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,375,046)**

26. Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1-25 of this Complaint.

27. U.S. Patent No. 9,375,046 (the "'046 patent") is generally directed to an article with a textile element containing a plurality of webbed areas and tubular structures that are adjacent to each other and configured to stretch to move the webbed areas from a neutral position to an extended position when force is applied.

28. For example, claim 1 of the '046 patent recites:

> An article comprising:
> a plurality of webbed areas that include a plurality of courses formed from a first yarn, the webbed areas having a front surface, the webbed areas configured to move between a neutral position and an extended position, the webbed areas being biased to move toward the neutral position and
> a plurality of tubular structures that are adjacent to the webbed areas, the tubular structures including a plurality of courses;
> wherein at least one of the webbed areas or tubular structures is configured to stretch to move the webbed areas to the extended position in response to a force applied to the article
> wherein in the neutral position, a first area of the front surface is hidden from visual observation from a first viewing perspective; and wherein in the extended position, the first area of the front surface is revealed for visual observation from the first viewing perspective.

29. On information and belief, lululemon directly infringes at least claim 1 of the '046 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear products that infringe one or more claims of the '046 patent, literally or under the doctrine of equivalents. For example, lululemon sells at least the Chargefeel Mid, which, as shown in greater detail in

Exhibit 5 attached hereto, is, on information and belief, an article comprising a plurality of webbed areas that include a plurality of courses formed from a first yarn, the webbed areas having a front surface, the webbed areas configured to move between a neutral position and an extended position, the webbed areas being biased to move toward the neutral position and a plurality of tubular structures that are adjacent to the webbed areas, the tubular structures including a plurality of courses; wherein at least one of the webbed areas or tubular structures is configured to stretch to move the webbed areas to the extended position in response to a force applied to the article wherein in the neutral position, a first area of the front surface is hidden from visual observation from a first viewing perspective, and wherein in the extended position, the first area of the front surface is revealed for visual observation from the first viewing perspective.

30. Nike has suffered, and continues to suffer, economic harm as a result of lululemon's infringing activities in an amount to be proven at trial.

31. lululemon's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins lululemon's infringing activities under 35 U.S.C. § 283.

32. On information and belief, lululemon's infringement of the '046 patent will continue unless enjoined by this Court.

### THIRD CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,730,484)

33. Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1-32 of this Complaint.

34. U.S. Patent No. 9,730,484 (the "'484 patent") is generally directed to an article of footwear with an upper including a flat-knitted element with a central portion having a domed,

three-dimensional structure configured for extending over the top of a foot and that extends above the plane of a first and second side portion when in a flattened configuration.

35. For example, claim 1 of the '484 patent recites:

> An article of footwear comprising an upper including a flat-knitted element formed from at least one yarn mechanically manipulated in a flat-knitting process, the flat-knitted element including a first layer having:
> - a central portion having a domed, three-dimensional structure configured for extending over the top of a foot;
> - a first side portion being formed of unitary construction with the central portion and extending from a first side of the central portion; and
> - a second side portion being formed of unitary construction with the central portion and extending from a second side opposite the first side of the central portion, the domed, three-dimensional structure shaped to extend above the plane of the first side portion and the second side portion when the flat-knitted element is in a flattened configuration.

36. On information and belief, lululemon directly infringes at least claim 1 of the '484 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear products that infringe one or more claims of the '484 patent, literally or under the doctrine of equivalents. For example, lululemon sells at least the Chargefeel Mid, which, as shown in greater detail in Exhibit 6 attached hereto, is, on information and belief, an article of footwear comprising an upper including a flat-knitted element formed from at least one yarn mechanically manipulated in a flat-knitting process, the flat-knitted element including a first layer having: a central portion having a domed, three-dimensional structure configured for extending over the top of a foot; a first side portion being formed of unitary construction with the central portion and extending from a first side of the central portion; and a second side portion being formed of unitary construction with the central portion and extending from a second side opposite the first side of the central portion, the

domed, three-dimensional structure shaped to extend above the plane of the first side portion and the second side portion when the flat-knitted element is in a flattened configuration.

37. Nike has suffered, and continues to suffer, economic harm as a result of lululemon's infringing activities in an amount to be proven at trial.

38. lululemon's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins lululemon's infringing activities under 35 U.S.C. § 283.

39. On information and belief, lululemon's infringement of the '484 patent will continue unless enjoined by this Court.

## JURY DEMAND

40. Pursuant to Federal Rule of Civil Procedure 38(b), Nike hereby demands a jury trial on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Nike respectfully requests that this Court enter judgment against lululemon and grant the following relief:

A. The entry of judgment in favor of Nike and against lululemon;

B. A finding that the lululemon has infringed claims of the following U.S. Patents under 35 U.S.C. § 271(a) and/or (g): U.S. Patent No. 8,266,749; U.S. Patent No. 9,375,046; and U.S. Patent No. 9,730,484.

C. An award of damages against lululemon adequate to compensate Nike for the infringement, but in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284, together with prejudgment interest and post-judgment interest and costs;

D.  A permanent injunction prohibiting further infringement by lululemon, and each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it; and

E.  Such other relief that Nike is entitled to under law and any other and further relief that this Court or a jury may deem just and proper.

Dated:  January 30, 2023

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Michael J. Sebba*

   Christopher J. Renk (*pro hac vice* to be filed)
    Chris.Renk@arnoldporter.com
   Michael J. Harris (*pro hac vice* to be filed)
    Michael.Harris@arnoldporter.com
   Aaron Bowling (pro hac vice to be filed)
    Aaron.Bowling@arnoldporter.com
   ARNOLD & PORTER KAYE SCHOLER LLP
   70 West Madison Street, Suite 4200
   Chicago, Illinois 60602-4231
   Telephone: (312) 583-2300

   Bridgette C. Gershoni (*pro hac vice* to be filed)
    Bridgette.Gershoni@arnoldporter.com
   Michael J. Gershoni (*pro hac vice* to be filed)
    Michael.Gershoni@arnoldporter.com
   ARNOLD & PORTER KAYE SCHOLER LLP
   601 Massachusetts Ave. NW
   Washington, DC 20001
   Telephone: (202) 942-6745

   Michael Sebba
    Michael.Sebba@arnoldporter.com
   ARNOLD & PORTER KAYE SCHOLER LLP
   777 Figueroa Street
   Los Angeles, CA 90017
   Telephone: (213) 243-4000

   *Attorneys for Plaintiff Nike, Inc.*