Ali S. Razai
ali.razai@knobbe.com
Brandon G. Smith
brandon.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St., 14th Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Defendant
LULULEMON USA INC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., <br><br>              Plaintiff, <br><br> v. <br><br> LULULEMON USA INC., <br><br>              Defendant. | Case No.: 1:23-cv-00771-JPO <br><br> **DEFENDANT LULULEMON USA INC.'S ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Hon. J. Paul Oetken |

Defendant lululemon usa inc. ("lululemon") hereby files its Answer and Affirmative Defenses to Plaintiff Nike, Inc.'s ("Plaintiff") Complaint for Patent Infringement ("Complaint").

## THE PARTIES

1.      lululemon lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 1 of the Complaint and on that basis denies the allegations.

2.      Paragraph 2 lululemon admits that it is a corporation existing under the laws of the State of Nevada.  lululemon admits that its principal place of business is at 1818 Cornwall Avenue, Vancouver, British Columbia V6J 1C7.  lululemon admits that it operates retail stores and sells retail merchandise in the United States, including in the City and State of New York.  The remaining allegations of Paragraph 2 of the Complaint include legal conclusions, which do not require a response.  To the extent a response is required, lululemon denies the remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      lululemon admits that the Complaint purports to set forth a cause of action under the patent laws of the United States, 45 U.S.C. § 100 *et seq*.  lululemon admits that this Court has subject matter jurisdiction over the causes of action set forth in the Complaint.  lululemon denies the remaining allegations in Paragraph 3 of the Complaint.

4.      lululemon admits that it operates retail stores and sells retail merchandise in the United States, including in the City and State of New York.  lululemon denies the remaining allegations in Paragraph 4 of the Complaint.

5.      lululemon admits that, for purposes of this action only, venue is proper in this Court. lululemon denies any remaining allegations in Paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6.      lululemon lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 6 of the Complaint and on that basis denies the allegations.

7.      lululemon lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 7 of the Complaint and on that basis denies the allegations.

8.      lululemon lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 8 of the Complaint and on that basis denies the allegations.

9.      lululemon lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 9 of the Complaint and on that basis denies the allegations.

10.      lululemon admits that U.S. Patent No. 8,266,749 (the "'749 Patent") was issued on September 18, 2012.  lululemon admits that the '749 Patent, on its face, identifies Nike, Inc. as the assignee. lululemon admits that Exhibit 1 of the Complaint purports to be a copy of the '749 Patent. lululemon admits that the U.S. Patent No. 9,375,046 (the "'046 Patent") was issued on June 28, 2016.  lululemon admits that the '046 Patent, on its face, identifies Nike, Inc. as the assignee. lululemon admits that Exhibit 2 of the Complaint purports to be a copy of the '046 Patent. lululemon admits that the U.S. Patent No. 9,730,484 (the "'484 Patent") was issued on August 15, 2017.  lululemon admits that the '484 Patent, on its face, identifies Nike, Inc. as the assignee. lululemon admits that Exhibit 3 of the Complaint purports to be a copy of the '484 Patent.  The remaining allegations of Paragraph 10 of the Complaint include legal conclusions, which do not require a response.   To the extent a response is required, lululemon denies the remaining allegations in Paragraph 10 of the Complaint.

11.      Paragraph 11 of the Complaint includes legal conclusions, which do not require a response.

12.     lululemon lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 12 of the Complaint and on that basis denies the allegations.

13.     lululemon denies the allegations in Paragraph 13 of the Complaint.

14.     lululemon denies the allegations in Paragraph 14 of the Complaint.

15.     lululemon admits that it sells the Chargefeel Mid, Chargefeel Low, Blissfeel, and Strongfeel footwear products directly to customers through https://shop.lululemon.com, and its retail stores.  lululemon denies the remaining allegations in Paragraph 15 of the Complaint.

16.     lululemon admits that it sells the Chargefeel Mid, Chargefeel Low, Blissfeel, and Strongfeel footwear products directly to customers in the United States, including in the Southern District of New York.   lululemon denies the remaining allegations in Paragraph 16 of the Complaint.

17.     lululemon denies the allegations in Paragraph 17 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 8,266,749)**

18.     lululemon realleges and incorporates by reference its responses to Paragraphs 1-17 of the Complaint as if set forth fully herein.

19.     Paragraph 19 includes legal conclusions, which do not require a response.  To the extent a response is required, lululemon denies the remaining allegations in Paragraph 19 of the Complaint.

20.     lululemon admits that Paragraph 20 recites claim 1 of the '749 Patent.  lululemon denies any remaining allegations in Paragraph 20 of the Complaint.

21.     lululemon denies the allegations in Paragraph 21 of the Complaint.  lululemon denies the allegations in Exhibit 4 to Complaint.

22.    Paragraph 22 includes legal conclusions, which do not require a response.  To the extent a response is required, lululemon denies the allegations in Paragraph 22 of the Complaint.

23.    lululemon denies the allegations in Paragraph 23 of the Complaint.

24.    lululemon denies the allegations in Paragraph 24 of the Complaint.

25.    lululemon denies the allegations in Paragraph 25 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,375,046)

26.    lululemon realleges and incorporates by reference its responses to Paragraphs 1-25 of the Complaint as if set forth fully herein.

27.    Paragraph 27 includes legal conclusions, which do not require a response.  To the extent a response is required, lululemon denies the remaining allegations in Paragraph 27 of the Complaint.

28.    lululemon admits that Paragraph 28 recite claim 1 of the '046 Patent.  lululemon denies any remaining allegations in Paragraph 28 of the Complaint.

29.    lululemon denies the allegations in Paragraph 29 of the Complaint.  lululemon denies the allegations in Exhibit 5 to Complaint.

30.    lululemon denies the allegations in Paragraph 30 of the Complaint.

31.    lululemon denies the allegations in Paragraph 31 of the Complaint.

32.    lululemon denies the allegations in Paragraph 32 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,730,484)

33.    lululemon realleges and incorporates by reference its responses to Paragraphs 1-32 of the Complaint as if set forth fully herein.

34.     Paragraph 34 includes legal conclusions, which do not require a response.  To the extent a response is required, lululemon denies the remaining allegations in Paragraph 34 of the Complaint.

35.     lululemon admits that Paragraph 35 recite claim 1 of the '484 Patent.  lululemon denies any remaining allegations in Paragraph 35 of the Complaint.

36.     lululemon denies the allegations in Paragraph 36 of the Complaint.  lululemon denies the allegations in Exhibit 6 to Complaint.

37.     lululemon denies the allegations in Paragraph 37 of the Complaint.

38.     lululemon denies the allegations in Paragraph 38 of the Complaint.

39.     lululemon denies the allegations in Paragraph 39 of the Complaint.

## JURY DEMAND

40.     lululemon admits that in Paragraph 40 Plaintiff demands a jury trial on all issues so triable in this action.

## ANSWER TO PRAYER FOR RELIEF

lululemon's denies all allegations not specifically admitted herein, and further denies that Plaintiff is entitled to the judgment and relief requested in Paragraphs A-E of the Plaintiff's Prayer for Relief or to any other relief.  lululemon requests that the Court (a) dismiss the Complaint with prejudice; (b) enter judgment in favor of lululemon; (c) award lululemon the reasonable attorneys' fees and costs of defending this action pursuant to 35 U.S.C. § 285; and award lululemon such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1-40 of the Complaint, lululemon sets forth the following defenses to the Complaint.  lululemon asserts the

following affirmative defenses without assuming the burden of proof for any defense.  Headings are included for convenience only and do not limit lululemon's defenses.  lululemon reserves the right to supplement its affirmative defenses as the action proceeds and assert any additional defenses that may be supported by discovery in this action.

### FIRST DEFENSE
**(Failure to State a Claim)**

Plaintiff has failed to state a claim for which relief can be granted because, *inter alia*, lululemon has not committed an act of infringement as prescribed in 35 U.S.C. § 271.

### SECOND DEFENSE
**(Invalidity of the '749 Patent)**

One or more claims of the '749 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, without limitation, the provisions of §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patents and/or the defenses recognized in 35 U.S.C. § 282.

### THIRD DEFENSE
**(Invalidity of the '046 Patent)**

One or more claims of the '046 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, without limitation, the provisions of §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patents and/or the defenses recognized in 35 U.S.C. § 282.

### FOURTH DEFENSE
**(Invalidity of the '484 Patent)**

One or more claims of the '484 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, without limitation, the provisions of §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patents and/or the defenses recognized in 35 U.S.C. § 282.

### FIFTH DEFENSE
**(Additional Defenses)**

lululemon reserves the right to present any additional defenses or counterclaims that discovery may reveal.

### COUNTERCLAIM

Defendant/Counterclaimant lululemon usa inc. ("lululemon") brings the following Counterclaims against Plaintiff/Counterdefendant Nike Inc. ("Nike")for a declaratory judgement that U.S. Patent Nos. 8,226,749 ("the '749 Patent"), 9,375,046 ("the '046 Patent"), and 9,730,484 ("the '484 Patent") (collectively, "the Asserted Patents") are invalid and/or not infringed by the manufacture, use, sale, offer for sale, or importation of lululemon's footwear products, including the Chargefeel Mid, Chargefeel Low, Blissfeel, and Strongfeel (collectively, "the lululemon footwear").

### THE PARTIES

1.      lululemon is a Nevada corporation with its principal place of business at 1818 Cornwall Avenue, Vancouver British Columbia V6J1C7, Canada.

2.      Upon information and belief, and based on Counterdefendants' allegations, Nike is an Oregon corporation with its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

## JURISDICTION AND VENUE

3.     This is a counterclaim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      The Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.     Personal jurisdiction over Nike comports with the U.S. Constitution and is proper because Nike has brought suit against lululemon in this District.

6.     Venue is proper under 28 U.S.C. §§ 1391 and 1400(b), and by Nike's choice of forum.

7.     This is an action based upon an actual controversy between the parties concerning the invalidity and/or non-infringement of the Asserted Patents and lululemon's right to manufacture, use, sell, offer for sale, or import the lululemon footwear in the United States.

8.     Nike has filed an infringement action in this Court to enforce the Asserted Patents.

9.     lululemon denies that it has, continues to, or will, infringe any valid or enforceable claim of the Asserted Patents.

10.    lululemon further asserts that the Asserted Patents are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or is invalid under any other ground provided by 35 U.S.C. § 282.

11.    In view of the foregoing, a conflict of asserted rights has arisen between lululemon and Nike with respect to the non-infringement and invalidity of the relevant claims of the Asserted Patents, and as to lululemon's right to manufacture, use, sell, offer for sale, or import the lululemon footwear in the United States.  An actual controversy therefore exists between lululemon and Nike.

## COUNT I
### (Declaratory Judgement of Non-Infringement of the '749 Patent)

12.    lululemon restates, realleges, and incorporates by reference the allegations made in Paragraphs 1-12 of this Counterclaim.

13.    In its Complaint, Nike asserted that lululemon infringes Claim 1 of the '749 Patent. Claim 1 of the '749 Patent recites:

> A method of manufacturing an article of footwear, the method comprising:
> simultaneously knitting a textile element with a surrounding textile structure, the knitted textile element having at least one knitted texture that differs from a knitted texture in the surrounding knitted textile structure;
> removing the knitted textile element from the surrounding knitted textile structure;
> incorporating the knitted textile element into the article of footwear.

14.    As Claim 1 of the '749 Patent is properly construed, the lululemon footwear is not manufactured using each and every limitation of the method recited in Claim 1.

15.    Therefore, the manufacture, use sale, offer for sale, and/or importation of the lululemon footwear, does not infringe at least Claim 1 of the '749 Patent.

16.    lululemon is entitled to a judicial determination that the manufacture, use sale, offer for sale, and/or importation of the lululemon footwear, does not and will not infringe any valid and/or enforceable claim of the '749 Patent.

## COUNT II
### (Declaratory Judgement of Invalidity of the '749 Patent)

17.    lululemon restates, realleges, and incorporates by reference the allegations made in Paragraphs 1-17 of this Counterclaim.

18.    The claims of the '749 Patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type

double patenting and/or any other judicially created requirements for patentability and enforceability of patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

19.     For example, in view of Nike's overly broad infringement allegations, the claims of the '749 Patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of, at least, the prior art references identified and described in the prosecution history of the '749 Patent.

20.     lululemon is entitled to a judicial determination that the claims of the '749 Patent are invalid.

## COUNT III
### (Declaratory Judgement of Non-Infringement of the '046 Patent)

21.     lululemon restates, realleges, and incorporates by reference the allegations made in Paragraphs 1-20 of this Counterclaim.

22.     In its Complaint, Nike asserted the lululemon infringes Claim 1 of the '046 Patent. Claim 1 of the '046 Patent recites:

> An article comprising:
> a plurality of webbed areas that include a plurality of courses formed from a first yarn, the webbed areas having a front surface, the webbed areas configured to move between a neutral position and an extended position, the webbed areas being biased to move toward the neutral position and
> a plurality of tubular structures that are adjacent to the webbed areas, the tubular structures including a plurality of courses;
> wherein at least one of the webbed areas or tubular structures is configured to stretch to move the webbed areas to the extended position in response to a force applied to the article
> wherein in the neutral position, a first area of the front surface is hidden from visual observation from a first viewing perspective; and wherein in the extended position, the first area of the front surface is revealed for visual observation from the first viewing perspective.

23.     As Claim 1 of the '046 Patent is properly construed, the lululemon footwear does not include each and every limitation of Claim 1.

24.    Therefore, the manufacture, use sale, offer for sale, and/or importation of the lululemon footwear, does not infringe at least Claim 1 of the '046 Patent.

25.    lululemon is entitled to a judicial determination that the manufacture, use sale, offer for sale, and/or importation of the lululemon footwear, does not and will not infringe any valid and/or enforceable claim of the '046 Patent.

## COUNT IV
### (Declaratory Judgement of Invalidity of the '046 Patent)

26.    lululemon restates, realleges, and incorporates by reference the allegations made in Paragraphs 1-25 of this Counterclaim.

27.    The claims of the '046 Patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

28.    For example, in view of Nike's overly broad infringement allegations, the claims of the '046 Patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of, at least, the prior art references identified and described in the prosecution history of the '046 Patent.

29.    lululemon is entitled to a judicial determination that the claims of the '046 Patent are invalid.

## COUNT V
### (Declaratory Judgement of Non-Infringement of the '484 Patent)

30.    lululemon restates, realleges, and incorporates by reference the allegations made in Paragraphs 1-25 of this Counterclaim.

31.    In its Complaint, Nike alleges that lululemon infringes Claim 1 of the '484 Patent. Claim 1 of the '484 Patent recites:

An article of footwear comprising an upper including a flatknitted element formed from at least one yarn mechanically manipulated in a flat-knitting process, the flat-knitted element including a first layer having:

a central portion having a domed, three-dimensional structure configured for extending over the top of a foot;

a first side portion being formed of unitary construction with the central portion and extending from a first side of the central portion; and

a second side portion being formed of unitary construction with the central portion and extending from a second side opposite the first side of the central portion, the domed, three-dimensional structure shaped to extend above the plane of the first side portion and the second side portion when the flat-knitted element is in a flattened configuration.

32.     As Claim 1 of the '484 Patent is properly construed, the lululemon footwear does not include each and every limitation of Claim 1.

33.     Therefore, the manufacture, use sale, offer for sale, and/or importation of the lululemon footwear, does not infringe at least Claim 1 of the '484 Patent.

34.     lululemon is entitled to a judicial determination that the manufacture, use sale, offer for sale, and/or importation of the lululemon footwear, does not and will not infringe any valid and/or enforceable claim of the '484 Patent.

## COUNT VI
### (Declaratory Judgement of Invalidity of the '484 Patent)

35.     lululemon restates, realleges, and incorporates by reference the allegations made in Paragraphs 1-30 of this Counterclaim.

36.     The claims of the '484 Patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

37.     For example, in view of Nike's overly broad infringement allegations, the claims of the '484 Patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of, at least, the prior art references identified and described in the prosecution history of the '484 Patent.

38.     lululemon is entitled to a judicial determination that the claims of the '484 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, lululemon respectfully prays for the following relief:

A.     That the Complaint against lululemon be dismissed with prejudice and that all relief requested by Plaintiff/Counterdefendant be denied;

B.     That a judgement be entered declaring that lululemon has not, and does not infringe any valid, enforceable claim of United States Patent Nos. 8,226,749; 9,375,046; and 9,730,484;

C.     That a judgment be entered declaring that the claims of United States Patent Nos. 8,226,749; 9,375,046; and 9,730,484 are invalid;

D.     That Plaintiff/Counterdefendant and its agents, representatives, attorneys and those persons in active concert or participation with it who receive actual notice thereof, be preliminary and permanently enjoined from threatening or initiating infringement litigation against lululemon or any of its customers, dealers or suppliers, or any prospective or present sellers, dealers, distributors or customers of lululemon, or charging any of them either orally or in writing with infringement of United States Patent Nos. 8,226,749; 9,375,046; and 9,730,484;

E.     That a judgment be entered that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that lululemon is therefore entitled to recover its reasonable attorneys' fees upon prevailing in this action;

F.     That lululemon be awarded costs, attorneys' fees and other relief, both legal and equitable, to which it may be justly entitled; and

G.     That lululemon be awarded such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Defendant lululemon usa inc. demands a trial by jury on all issues so triable.

Dated:  March 24, 2023

Respectfully submitted,

*/s/ Ali S. Razai*
Ali S. Razai
Brandon G. Smith
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614-3641
Tel.: (949) 760-0404
Fax: (949) 760-9502

*Attorneys for Defendant*
LULULEMON USA INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned herby certifies that on March 24, 2023, the attached document was filed electronically through CM/ECF system, which will send notice to the registered participants identified on the Notice of Electronic Filing.


Dated:  March 24, 2023          By:  /s/ Ali S. Razai
                                    Ali S. Razai
                                    ali.razai@knobbe.com
                                    Brandon G. Smith
                                    brandon.smith@knobbe.com
                                    **KNOBBE, MARTENS, OLSON & BEAR, LLP**
                                    2040 Main Street, Fourteenth Floor
                                    Irvine, CA  92614
                                    Telephone: (949) 760-0404
                                    Facsimile: (949) 760-9502

                                    *Attorneys for Defendant*
                                    LULULEMON USA INC.