## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NIKE, INC.,

                     Plaintiff,

v.

LULULEMON USA INC.,

                     Defendant.

Case No. 1:23-cv-00771-JPO

ORAL ARGUMENT REQUESTED

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Plaintiff Nike, Inc. ("Nike") respectfully submits this memorandum in support of its Notice of Partial Motion to Dismiss Defendant lululemon USA Inc.'s ("lululemon's") Second, Fourth, and Sixth Claims in its Answer and Counterclaims, dated March 29, 2023. lululemon's Second, Fourth, and Sixth counterclaims seek declaratory judgment that each of Nike's Asserted Patents is invalid. But lululemon fails to allege any underlying facts in support of those counterclaims and thus fails to state a claim to relief that is plausible on its face.

## I.     BACKGROUND

Nike filed its Complaint on January 30, 2023, accusing lululemon of infringing three Nike patents related to Nike's Flyknit technology. ECF No. 1. Four days before its Answer was due, lululemon sought an extension of time to file its Answer. ECF No. 17. The Court granted the requested extension, ordering lululemon to respond to Nike's Complaint by March 23, 2023. ECF No. 19. But even with the benefit of that extension, lululemon failed to timely respond. ECF No. 39 (alleging that its Answer was "inadvertently not uploaded to the ECF system."). When lululemon ultimately filed an Answer, it included six counterclaims:  three for declaratory

judgment of non-infringement; three for declaratory judgement of invalidity (the "Invalidity Counterclaims"). ECF No. 38 at Counterclaim ¶¶ 12–38. The Invalidity Counterclaims are threadbare.

Each Invalidity Counterclaim is identical except for the Asserted Patent number. ECF No. 38 at Counterclaim ¶¶ 17–20, 26–29, 35–38. As shown in the example below, each Invalidity Counterclaim includes only four sentences.

---

<u>COUNT IV</u>
<u>(Declaratory Judgement of Invalidity of the '046 Patent)</u>

26.     lululemon restates, realleges, and incorporates by reference the allegations made in Paragraphs 1-25 of this Counterclaim.

27.     The claims of the '046 Patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

28.     For example, in view of Nike's overly broad infringement allegations, the claims of the '046 Patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of, at least, the prior art references identified and described in the prosecution history of the '046 Patent.

29.     lululemon is entitled to a judicial determination that the claims of the '046 Patent are invalid.

---

## II.     LULULEMON'S INVALIDITY COUNTERCLAIMS DO NOT ADEQUATELY ALLEGE ANY CLAIM FOR RELIEF

The pleading standard for counterclaims is no different than the standard for claims. *Wireless Ink Corp. v. Facebook, Inc.*, 787 F. Supp. 2d 298, 313 (S.D.N.Y. 2011) ("[C]ounterclaims must comply with Rule 8(a) and be pled in the same manner as claims."). Under Federal Rule of Civil Procedure 8(a), each counterclaim must include "a short and plain statement of the claim

showing that the pleader is entitled to relief, in order to give the opposing party fair notice of what the claim is and the grounds upon which it rests." *Id.* at 305 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (cleaned up). As part of that requirement, a counterclaim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To demonstrate plausibility, the plaintiff must provide fact allegations sufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While a pleading need not provide "detailed factual allegations," it must assert "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A counterclaim that lacks "sufficient factual matter" must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

This Court routinely dismisses patent-invalidity counterclaims that fail to meet this pleading standard. For example, in *Crye Precision LLC v. Duro Textiles, LLC*, this Court dismissed "conclusory allegations of invalidity" because they failed to "assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible." 112 F. Supp. 3d 69, 79 (S.D.N.Y. 2015). *See also Orientview Techs. LLC v. Seven for All Mankind, LLC*, 2013 WL 4016302, at *5-7 (S.D.N.Y. Aug. 7, 2013) (dismissing an invalidity counterclaim that provided only "a bare assertion" that was "devoid of any factual content whatsoever" and thus fell "well short" of the pleading standard); *Wireless Ink*, 787 F. Supp. 2d at 313 (dismissing invalidity counterclaims consisting of "wholly conclusory" allegations that the asserted patent "fails to comply with certain provisions of the United States patent laws").

Here too, lululemon's Invalidity Counterclaims are "wholly conclusory" and lack any "nonconclusory factual matter." *See Crye Precision*, 112 F. Supp. 3d at 79; *Wireless Ink*, 787 F.

Supp. 2d at 313.   Each Invalidity Counterclaim includes only four sentences, none of which provide "any factual content whatsoever."  ECF No. 38 at Counterclaim ¶¶ 17–20, 26–29, 35–38.  *See Orientview*, 2013 WL 4016302, at *5–7.  The counterclaims thus fall "well short" of the pleading standard and should be dismissed.  *Id.*

In the first sentence of each Invalidity Counterclaim, lululemon simply incorporates by reference the preceding paragraphs:

> lululemon restates, realleges, and incorporates by reference the allegations made in Paragraphs [**–**] of this Counterclaim.

ECF No. 38 at Counterclaim ¶¶ 17, 26, 35.  Neither this sentence, nor any of the paragraphs it incorporates by reference, provide any factual matter related to lululemon's allegations of invalidity.

In the second sentence of each Invalidity Counterclaim, lululemon alleges that the Asserted Patent is invalid based on "one or more" of all possible statutory and judicially-created grounds:

> The claims of the [Asserted] Patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

ECF No. 38 at Counterclaim ¶¶ 18, 27, 36.  This Court repeatedly dismisses virtually identical counterclaims.  In *Crye Precision*, for example, Judge Cote dismissed a counterclaim alleging that an asserted patent was "invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112 and/or 171."  112 F. Supp. 3d at 79.  Judge Cote explained that "these conclusory allegations of invalidity are unsupported by any factual allegations."  *Id.*  Likewise, in *Orientview*, Judge Engelmayer dismissed a counterclaim alleging that an asserted patent was "invalid for failure to

comply with one or more of the requirements of United State Code, Title 35, including without limitation, §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto." 2013 WL 4016302, at *5–7. Judge Engelmayer explained that this "bare assertion" was "devoid of any factual content whatsoever," and that "courts have routinely held invalidity counterclaims almost identical to this one invalid." *Id.* at 7. This Court should reach the same conclusion here.

In the third sentence of each Invalidity Counterclaim, lululemon alleges that the Asserted Patent is invalid based on "at least" all previously identified prior art references:

> For example, in view of Nike's overly broad infringement allegations, the claims of the [Asserted] Patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of, at least, the prior art references identified and described in the prosecution history of the '749 Patent.

ECF No. 38 at Counterclaim ¶¶ 19, 28, 37. During prosecution of the Asserted Patents, the United States Patent and Trademark Office (USPTO) considered a combined 366 prior art references (163 references for U.S. Patent No. 9,730,484, 153 references for U.S. Patent No. 9,374,046, and 51 prior art references for U.S. Patent No. 8,266,749). lululemon's conclusory allegation is insufficient because it does not "put [Nike] on notice of any aspects that its patent shares with any other [prior art]." *See Enviro Tech Chem. Servs., Inc. v. Safe Foods Corp.*, 2021 WL 8651123, at *2 (E.D. Ark. 2021) (dismissing invalidity counterclaims for providing insufficient supporting factual matter). *See also Summers Manuf. Co., Inc. v. Tri-County AG, LLC*, 2017 WL 8772046, *9-*12 (S.D. Iowa 2017) (same). lululemon "fail[s] to identify any other patent as invalidating prior art to support its § 102 claim," and lululemon "has not stated any facts to support its claim that Plaintiff's patent is obvious to a person of ordinary skill in the art, as required under § 103." *See Enviro Tech.*, 2017 WL 8772046. Issued patents are entitled to a statutory presumption of validity, and the USPTO is presumed to have properly applied the tests for patentability when

5

reviewing the prior art before it.  35 U.S.C. § 282(a); *Applied Materials, Inc. v. Adv. Semiconductor Materials Am., Inc.*, 98 F.3d 1563, 1569 (Fed. Cir. 1996).  lululemon's allegation thus does not contain the "nonconclusory factual matter" necessary to "nudge [lululemon's] claims across the line from conceivable to plausible." *Crye Precision*, 112 F. Supp. 3d at 79.

      In the fourth sentence of each Invalidity Counterclaim, lululemon concludes by restating the relief it seeks:

> lululemon is entitled to a judicial determination that the claims of the [Asserted] Patent are invalid.

ECF No. 38 at Counterclaim ¶¶ 20, 29, 38.  This sentence is wholly conclusory and fails to provide any factual matter related to lululemon's allegations of invalidity.

      Ultimately, lululemon's four-sentence Invalidity Counterclaims fail to show why lululemon is entitled to declaratory judgment of invalidity for any of the three Asserted Patents. lululemon fails to allege any underlying facts in support of those counterclaims and thus fails to state a claim to relief that is plausible on its face.  As a result, Nike respectfully requests that the Court dismiss lululemon's Second, Fourth, and Sixth counterclaims.

Dated:  March 31, 2023

                ARNOLD & PORTER KAYE SCHOLER LLP

                By:    */s/ Aaron P. Bowling*

                     Christopher J. Renk
                     Michael J. Harris
                     Aaron Bowling
                     ARNOLD & PORTER KAYE SCHOLER LLP
                     70 West Madison Street, Suite 4200
                     Chicago, Illinois 60602-4231
                     Telephone: (312) 583-2300

                     Bridgette C. Gershoni
                     Michael J. Gershoni
                     Lindsey Staubach
                     ARNOLD & PORTER KAYE SCHOLER LLP
                     601 Massachusetts Ave. NW
                     Washington, DC 20001
                     Telephone: (202) 942-6745

Michael Sebba
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
Telephone: (213) 243-4229

*Attorneys for Plaintiff Nike, Inc.*