# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LULULEMON USA INC. )<br>)<br>Defendant. )<br>)<br>) | Case No. 1:23-cv-00771-JPO<br><br>**[PROPOSED] ORDER REGARDING ELECTRONIC DISCOVERY** |

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. If the parties cannot resolve their disagreements regarding any such proposed modifications, the parties shall submit the matter to the Court.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. E-mail production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

6. **Production of ESI.** ESI shall be produced in response to general production requests served pursuant to Federal Rule 34 subject to the responding party's objections and privileges; *provided, however*, that email and real-time electronic communications (*e.g.,* Slack, WhatsApp, Microsoft Teams) shall not be produced in response to such general production

requests.

7. **Email Production**. To obtain email, each party must propound specific "Email Production Requests."

   a. E-mail production requests shall be phased to occur after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, infringement contentions pursuant to L. Pat. R. 6, invalidity contentions pursuant to L. Pat. R. 7, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the Court.

   b. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. The court may allow additional e-mail discovery requests upon a showing of good cause.

   c. Each requesting party shall limit its e-mail production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

   d. Each requesting party shall limit its e-mail production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five (5) additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search

criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word or phrase. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

    e. The Parties reserve their right to object to proposed custodians and search terms.

8. All document production shall be in electronic format unless otherwise agreed to in advance by the parties.

9. **Production Format**: Documents and information stored by the producing party in hard copy and ESI shall, to the extent that it is technically and/or practically feasible, be produced electronically as follows:

    a. <u>General Document Image Format.</u> Single-page group IV TIFFs in at least 300 dpi or JPEG for color, to the extent reasonably possible;

    b. Each document produced in a single page image file format shall bear a unique production number and shall be named with the production number followed by the appropriate filed extension;

    c. Searchable text files for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents);

    d. Database load files and cross reference files, e.g., Concordance default-deliminated file (meatadata) and an Opticon-deliminated file (image reference files, and including (as available) the fields listed in subsection

(g)

e. <u>Native Files.</u> Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in their native file format. TIFF or JPEG images need not be produced for these formats of files unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. If producing in native format, each document shall include a single unique production number for the document preceding the native file name. A TIFF placeholder indicating that a document was provided in native format should accompany the production. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text. If good cause exists to request production of files in native format, other than those specifically set forth in this provision, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied.

f. <u>Confidentiality Designation.</u> Each image will be stamped with the appropriate confidentiality designations (if any) in accordance with the Protective Order in this matter.

g. <u>Metadata.</u> In addition to single page images, productions shall include (1) an ASCII delimited metadata file (.txt., .dat, or .csv) and (b) an image load file that can be loaded into commercially acceptable production software (e.g., Relativity). The following fields, if available, shall appear in and the load file:

    i. BEGBATES: Beginning Bates number as stamped on the production image

    ii. ENDBATES: Ending Bates number as stamped on the production

image

iii. BEGATTACH: First production Bates number of the first document in a family

iv. ENDATTACH: Last production Bates number of the last document in a family

v. PAGE COUNT: the number of production images in the document

vi. CUSTODIAN: Individual from whom the documents originated and all Individal(s) whose documents de-duplicated out (De-Duped Custodian)

vii. AUTHOR: Any value populated in the Author field of the document properties

viii. FILENAME: Filename of an electronic document

ix. DATECREATED: Date the document was created (format: MM/DD/YYYY)

x. DATEMODIFIED: Date the document was last altered or saved (format: MM/DD/YYYY)

xi. FILETYPE: the file type extension of the native file.

xii. For e-mails:

1. SUBJECT: Subject line of e-mail
2. DATESENT: Date e-mail was sent (format: DD/MM/YYYY)
3. TO: All recipients in the "To" line of the e-mail
4. FROM: The name and e-mail address of the sender of the e-mail
5. CC: All recipients in the "CC" line of the e-mail
6. BCC: All recipients in the "BCC" line of the e-mail

xiii. All other metadata need not be produced absent a specific request

based upon specific facts and a showing of good cause, and further subject to the producing party's claim of undue burden or cost.

10. Pursuant to Federal Rule of Evidence 502(d), the production of ESI that the producing party asserts is privileged or work product protected is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

**SO STIPULATED AND AGREED.**

Dated: May 19, 2023

/s/ Aaron P. Bowling
Christopher J. Renk (admitted *pro hac vice*)
Michael J. Harris (admitted *pro hac vice*)
Aaron P. Bowling (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
70 W. Madison Street, Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2300
Email: chris.renk@arnoldporter.com
　　　　michael.harris@arnoldporter.com
　　　　aaron.bowling@arnoldporter.com

Michael J. Sebba (SBN 5398540)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Email: michael.sebba@arnoldporter.com

Bridgette C. Gershoni (admitted *pro hac vice*)
Michael J. Gershoni (admitted *pro hac vice*)
Kathleen P. Duffy (SBN 1040190)
Lindsey C. Staubach (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Email: bridgette.gershoni@arnoldporter.com
　　　　michael.gershoni@arnoldporter.com
　　　　kathleen.duffy@arnoldporter.com
　　　　lindsey.staubach@arnoldporter.com

*Attorneys for Plaintiff Nike, Inc.*

Dated: May 19, 2023   　 　/s/ *Brandon G. Smith*
Ali S. Razai (admitted *pro hac vice*)
Brandon G. Smith (admitted *pro hac vice*)
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Email: ali.razai@knobbe.com
brandon.smith@knobbe.com

*Attorneys for Defendant lululemon usa inc.*

**SO ORDERED.**

Dated: _____   　 _____

J. PAUL OETKEN

UNITED STATES DISTRICT JUDGE