# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., **)** | |
| **)** | |
| Plaintiff, Counter-Defendant, **)** | Case No. 23-cv-771 (JPO) |
| **)** | |
| vs. **)** | |
| **)** | **STIPULATION** |
| LULULEMON USA INC. **)** | **AND PROTECTIVE ORDER** |
| **)** | |
| Defendant, Counter-Plaintiff. **)** | |
| **)** | |
| **)** | |

WHEREAS, Nike, Inc. ("Nike" or "Plaintiff") and lululemon usa inc. ("lululemon" or "Defendant"), hereinafter referred to as "the Parties," having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Protective Order"), it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. **Definitions**.

    a.   Action:  The above-captioned litigation, *Nike, Inc. v. lululemon usa inc.,* Case No. 1:23-cv-00771-JPO (S.D.N.Y.), and any appeals therefrom.

    b.   Challenging Party:  A Party or Non-Party that challenges the designation of Discovery Material under this Protective Order.

    c.   Consultant:  Person who has been retained by a Party or its Counsel to serve as a consultant in this Action (i.e., not as a testifying expert under Rule 26(a)(2)(A)).

d.      Counsel (without qualifier): Outside Counsel of Record and In-House Counsel.

e.      Designated Information:  Any Discovery Material that is designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Designated Information shall not include materials that have been published or publicly disseminated, or that are otherwise publicly available before their disclosure in this Action.

f.      Designating Party:  A Party or Non-Party that designates Discovery Material as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

g.      Discovery Material:  All items or information, including from any Party or Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

h.      Expert:  Person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its Counsel to serve as an expert witness in this Action and is being identified pursuant to Federal Rule of Civil Procedure 26(a)(2)(A).

i.      In-House Counsel:  Counsel employed by a Party to this Action with responsibility for managing this Action.  In-House Counsel includes support staff employed by a Party to this Action who have responsibility for supporting In-House Counsel in connection with managing this Action.

j.     <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

k.     <u>Outside Counsel of Record</u>:  Attorneys who are counsel of record for a Party in this Action and have appeared in this Action on behalf of that Party or are partners or employees of a law firm that has appeared on behalf of that Party and that have responsibilities relating to this Action.  Outside Counsel of Record includes support staff employed by a Party to this Action who have responsibility for supporting Outside Counsel of Record in connection with managing this Action.

l.     <u>Party</u>:  Any party to this Action.

m.     <u>Producing Party</u>:  A Party or Non-Party that produces Discovery Material in this Action.

n.     <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

o.     <u>Receiving Party</u>:  A Party that receives Discovery Material from a Producing Party.

2.     **<u>Confidential Designation</u>**.   Counsel for the Producing Party may designate any of its produced Discovery Material, in whole or in part, as "CONFIDENTIAL" if Counsel determines, in good faith, that it contains confidential, proprietary, or commercially sensitive information or otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c), such as technical information regarding non-public software or software development, confidential business or financial information, information regarding confidential business

practices, or other confidential research, development, or commercial information (including

information implicating privacy rights of third parties), confidential third-party information,

information otherwise generally unavailable to the public, or which may be privileged or

otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or

common law.  Such Discovery Material shall be stamped "CONFIDENTIAL."

       3.     **Highly Confidential – Attorney's Eyes Only Designation**.  Counsel for the

Producing Party may designate any of its produced Discovery Material,  in whole  or in part, as

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if Counsel determines, in good

faith, that the disclosure of such Discovery Material to persons who are permitted to review

information designated as "CONFIDENTIAL" is likely to cause economic harm or significant

competitive disadvantage to the Producing Party.  The Parties agree that the following

information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, customer data

compilations, financial data and analyses, sales information, sales or marketing forecasts or

plans, business plans, sales or marketing strategy, product development information, scientific or

technical research, engineering documents, testing documents, employee information, third-party

confidential information, and other non-public information of similar competitive and business

sensitivity. Such Discovery Material shall be stamped "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

       4.     **Highly Confidential – Prosecution Bar Designation**. Counsel for the Producing

Party may designate any of its produced Discovery Material,  in whole  or in part, as "HIGHLY

CONFIDENTIAL – PROSECUTION BAR" only if Counsel determines, in good faith, that the

information is (1) non-public technical information about forthcoming products, (2) non-public

technical information about uncommercialized designs for existing products, and/or (3) non-public technical information regarding the manufacturing process for commercial or uncommercialized products.  Such designations must be limited to these categories.  For clarity, financial information and other non-technical information shall not be designated as "HIGHLY CONFIDENTIAL – PROSECUTION BAR."

5.      **Limited Use of Designated Information**.  All "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material shall be used by the Receiving Party solely for purposes of the prosecution or defense of this Action, shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraphs 6 and 7 unless and until the restrictions herein are removed either by written agreement of Counsel for the Parties, or by Order of the Court.  It is, however, understood that Counsel for a Receiving Party may give advice and opinions to his or her client solely relating to this Action based on his or her evaluation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material, provided that such advice and opinions shall not reveal the content of such "CONFIDENTIAL," "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material.

6.     **<u>Disclosure of "Confidential" Information</u>**.  Discovery Material designated as "CONFIDENTIAL"  shall be disclosed only in accordance with this Protective Order and only to the following persons:

a.     <u>Outside Counsel of Record</u>.  The Receiving Party's Outside Counsel of Record in this Action;

b.     <u>In-House Counsel</u>.  Up to five (5) of the Receiving Party's In-House Counsel who have signed the Agreement to be Bound (<u>Exhibit 1</u>), as well as support staff employed by the Receiving Party to this Action who have responsibility for supporting In-House Counsel in connection with managing this Action and who need not separately sign the Agreement to be Bound (<u>Exhibit 1</u>);

c.     <u>Experts and Consultants</u>.  Experts and Consultants assisting in the prosecution or defense of this Action who have signed the Agreement to Be Bound (<u>Exhibit 1</u>) and been cleared pursuant to Paragraphs 8 and 9 of this Protective Order, as well as their administrative staff to the extent necessary to assist such outside consulting or testifying experts in the conduct of this Action and who need not separately sign the Agreement to be Bound (<u>Exhibit 1</u>) provided that they are contractually bound to keep confidential their work on the engagement;

d.     <u>Court Reporters</u>.  Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition of trial in this Action and to whom disclosure is necessary;

e.      <u>Court Personnel</u>.  The Court and its personnel (including the mediator, or other person having access to any Designated Information by virtue of his or her position with the Court);

f.      <u>Jury or Trial Consultants</u>.  Subject to the conditions set forth in Paragraph 8, jury or trial consultants retained by Counsel for the Parties for the purpose of trial preparation in the Action, their employees, and any mock jurors engaged by such jury or trial consultants in connection with trial preparation in the Litigation.

g.      <u>Professional Vendors</u>.  Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials and provided that they have signed the Agreement to be Bound (<u>Exhibit 1</u>).

7.      **Disclosure of "Highly Confidential – Attorneys' Eyes Only" and "Highly Confidential – Prosecution Bar" Information**. Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR"  shall be disclosed only in accordance with this Protective Order and only to the persons identified in Paragraphs 6(a), and 6(c)–(g).

8.      **Agreement to be Bound**.  All proposed In-House Counsel, Experts, Consultants, Jury or Trial Consultants, and Professional Vendors may receive "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material subject to the terms of Paragraphs 6 and 7

and only after the proposed recipient has executed the undertaking attached hereto as <u>Exhibit 1</u>. The administrative and clerical staff of an outside consulting or testifying Expert, Jury or Trial Consultant, or Professional Vendor shall be deemed to have signed the undertaking in the form of <u>Exhibit 1</u> when the outside consulting or testifying Expert, Jury or Trial Consultant, or Professional Vendor supervising such individuals has executed the undertaking.  Mock jurors shall also be deemed to have signed the undertaking in the form of <u>Exhibit 1</u> when the Jury Consultant or supervising employee has executed the undertaking, provided however that mock jurors shall have executed a written confidentiality agreement providing that "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material shall not be disclosed to others and shall be used only on connection with the mock jury exercise.

9.      Proposed Experts and Consultants shall be permitted to access "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material only after the following additional conditions have been satisfied:

a.      The Agreement to be Bound has been served on the Producing Party together with a copy of the expert or consultant's curriculum vitae and the information required under Fed. R. Civ. P. 26(a)(2)(B)(iv) and (v).

b.      The Producing Party shall have ten (10) calendar days from when notice of complying with the requirements of Paragraph 7(a) is received to object to the disclosure of the Designated Information for the person(s) identified.  Any objection shall be made in good faith, stating with particularity the reasons for the objection, and must be served in writing on all Parties.  Failure to object within the period referenced above shall

be deemed approval, and the person(s) shall thereafter be qualified to have access to the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material of the Producing Party.  Should the Parties be unable to resolve an objection, then the Party objecting to the disclosure shall raise this matter with the Court and request an Order restricting such person's access to the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material.  Failure to raise this matter with the Court within twenty-one (21) calendar days after actual receipt of the objection by the notifying party shall be deemed approval (unless this period is tolled by agreement), and the person(s) shall thereafter be qualified to have access to the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material.  The objecting party shall have the burden of persuasion before the Court.

10.     **Disclosure to Drafters or Recipients**. Nothing in this Protective Order shall limit a Party's ability to disclose CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" to any person who was an author, addressee, or intended and authorized recipient of the material provided.

11.     **Use During Examination or Cross-Examination**.  Nothing in this Protective Order shall limit a Party's ability to use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material to examine or cross-examine deposition or trial witnesses (a) who are current officers, employees, agents, attorneys, or consulting or testifying experts of the Producing Party from

which the material originated or was received; and/or (b) whom the Producing Party has designated under Federal Rule of Civil Procedure 30(b)(6).

12.  **Inadvertent Failure to Designate**.

a.  The inadvertent or unintentional production of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material without proper designation, shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.

b.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing Counsel for all parties to whom the Discovery Material was produced that the Discovery Material should have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material.  The Receiving Party to whom such Discovery Material was produced shall treat such Discovery Material as designated by Counsel's written notice, and shall also make good faith efforts to retrieve any previously disclosed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material from unauthorized recipients.  If the Receiving Party is unable to arrange for the return or destruction of such documents and things from unauthorized individuals, the Receiving Party shall notify the Producing Party within fourteen (14) calendar days of notice from the Producing Party of the identity of such unauthorized persons and the efforts made to secure the return or destruction of the information.  The Receiving Party's disclosures,

prior to the receipt of notice from the Producing Party of a new designations, of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material to unauthorized persons shall not be deemed a violation of this Protective Order.  Further, the Prosecution Bar in Paragraph 16 shall not apply to any person in receipt of information subject to the new designation of "HIGHLY CONFIDENTIAL – PROSECUTION BAR," if the Receiving Party removes the affected individual's access to such information within fourteen (14) calendar days.

      c.     The Producing Party shall promptly provide substitute copies of the Discovery Material bearing the appropriate confidentiality legend.  Within ten (10) calendar days of receipt of the substitute copies of the produced material, the Receiving Party shall return or destroy originally produced material and not retain any copies thereof.

      d.     If the Receiving Party disagrees with the re-designation of the Discovery Material it may challenge the confidentiality designation pursuant to and in the manner prescribed in Paragraph 18.  The Receiving Party must nevertheless comply with the terms of this Paragraph through the pendency of any challenge.

13.    **Maintenance of Designated Information**.  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" shall be securely maintained at all times with reasonable precautions

taken to ensure that access to such material is restricted only to persons entitled to have such access pursuant to this Protective Order.

14. **Depositions**.  With respect to any depositions that involve a disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material of a Party to this Action, such Party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform all other parties that portions of the transcript are to be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material, which period may be extended by agreement of the Parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 6(a) and 6(c)–(g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 6(a) and 6(c)–5(g) during said thirty (30) days.  Notwithstanding the foregoing, if a Party believes that a question posed, the answer to the question, or an exhibit used during a deposition causes the subject matter of that portion of the deposition to be subject to a designation of "HIGHLY CONFIDENTIAL – PROSECUTION BAR," the Party must state this on the record as soon as practical and identify with reasonable specificity the subject matter it contends is "HIGHLY CONFIDENTIAL – PROSECUTION BAR."  If Counsel seeks to introduce at a deposition a document that has been previously marked as "HIGHLY CONFIDENTIAL – PROSECUTION BAR" they shall state this on the record before introducing the exhibit to provide an opportunity for individuals not subject to the prosecution bar to leave the deposition.  Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Protective Order.

15. **Designated Information Subpoenaed or Ordered Produced in Other Litigation**.  This Protective Order in no way excuses noncompliance with a lawful subpoena or court order.  The purpose of the duties described in this Paragraph is to alert the interested parties to the existence of this Protective Order and to give the Producing Party an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.  If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that Party in this Action and that is Designated Information, the Receiving Party must do the following:

a. Promptly notify the Producing Party in writing.  Such notification shall include a copy of the subpoena or court order.

b. Promptly notify in writing the Party or Non-Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order.

c. Cooperate with all reasonable procedures sought by the Producing Party whose material may be affected.

d. If the Producing Party seeks a protective order within twenty-one (21) calendar days of the notice of subpoena or court order, the Receiving Party served with the subpoena or court order shall not produce any Designated Information in this Action

before a determination by the court where the subpoena or order issued, unless the Receiving Party has obtained the Producing Party's permission.  The Designating Party shall bear the burden and expense of seeking protection of its Designated Information in that court.

16.   **Prosecution Bar**.

a.     Absent written consent from the Producing Party, any individual who accesses "HIGHLY CONFIDENTIAL – PROSECUTION BAR" information produced by the Producing Party shall not be involved, directly or indirectly, in preparing, prosecuting, supervising, or assisting in the preparation or prosecution of any patent application or claims relating to knit footwear.  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – PROSECUTION BAR" information is first received by the affected individual and shall end two (2) years after final termination of this Action.

b.     This provision does not prohibit any person who accesses "HIGHLY CONFIDENTIAL – PROSECUTION BAR" information from participating in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes* Review proceedings, or any continuing Covered Business Method Review proceedings, provided that they (1) do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims in connection with those proceedings, and (2) do not rely upon or use, directly or indirectly, "HIGHLY CONFIDENTIAL – PROSECUTION BAR" information in those proceedings.

c.     The Prosecution Bar shall apply on an individual basis and shall not extend to a law firm or entity; for the sake of clarity, Counsel and employees at a law

firm or Party to this litigation who do not have access to "HIGHLY CONFIDENTIAL –
PROSECUTION BAR" shall not be subject to this Prosecution Bar; provided, however,
that Counsel for each Receiving Party shall implement measures to ensure that no
"HIGHLY CONFIDENTIAL – PROSECUTION BAR" may be accessed by any attorney
or patent agents in any way involved with such prosecution and further shall create an
"Ethical Wall" between those persons with access to such confidential information and
any individuals who are participating in any way in such prosecution.

17.     **Personally Identifying Information**.  Any Personally Identifying Information
("PII") (e.g., social security numbers, financial account numbers, passwords, and information
that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving
Party in a manner that is secure and confidential.

18.     **Confidentiality Challenges**.  If Counsel for a Party receiving documents or
information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material objects to
such designation of any or all of such items, the following procedure shall apply.

     a.     Counsel for the Challenging Party shall serve on the Producing Party a
written objection to such designation, which shall describe with particularity the
documents or information in question and shall state the grounds for objection.  Counsel
for the Producing Party shall respond in writing to such objection within fourteen (14)
calendar days, and shall state with particularity the grounds for asserting that the
document or information is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION

BAR" material or shall adjust the designation.  The Parties shall thereafter meet and confer in good faith in an effort to resolve the dispute.

b.    If a dispute cannot be resolved by agreement, the Party challenging the designation shall present the dispute to the Court initially by letter, in accordance with Local Civil Rule 37.2, before filing a formal motion for an order regarding the challenged designation.  The Discovery Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.  The proponent of the designation shall bear the burden of establishing that Discovery Material is appropriately designated.

19.    **Inadvertent Production of Privileged Material**.

a.    The inadvertent or mistaken disclosure of any information, document or thing protected by attorney-client privilege, work-product immunity, or any other applicable privilege, doctrine or immunity ("Inadvertently Produced Privileged Material") will not be deemed a waiver of or estoppel as to any claim of privilege, protection, or immunity.  The Producing Party may notify the other Parties of the Inadvertently Produced Privileged Material by identifying the material and stating the basis for withholding such Inadvertently Produced Privileged Material.

b.    Upon receiving notification of Inadvertently Produced Privilege Material, the Parties possessing said material shall within five (5) calendar days return or destroy the Inadvertently Produced Privileged Material and all copies thereof, and shall expunge from any other document or material information derived solely from the Inadvertently Produced Privileged Material, and provide a certification of Counsel that all such information has been returned or destroyed. Notwithstanding the foregoing, if the Receiving Party has already reviewed the material before receiving a notice from the

16

Producing Party that the material is subject to a claim of privilege or other protection, nothing herein shall prevent the Outside Counsel of Record who viewed the material from preparing a record, solely for the purposes of challenging a claim of privilege, containing the date, author, addresses, and topic of the inadvertently produced documents or information and such other information as is reasonably necessary to identify the documents or information and describe their nature, in sufficient detail to allow the Court to assess the claim of privilege, in any submission to the Court seeking to compel production of the documents or information. Once the Court has rendered a decision on the challenge to the claim of privilege, the Receiving Party must destroy the record and confirm such destruction to the Producing Party within five (5) calendar days, unless the Court rules the alleged Inadvertently Produced Privileged Material is not privileged. Members of the Receiving Party who have not yet viewed the Inadvertently Produced Privileged Material may not do so for the first time after such notice is received.

      c.      Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Produced Privilege Material.

      d.      After the Inadvertently Produced Privileged Material is returned or destroyed pursuant to this Paragraph, a Party may move the Court for an order compelling production of the Inadvertently Produced Privileged Material, but said Party may not assert as a ground for compelling production the fact or circumstance that the Inadvertently Produced Privileged Material had already been produced.  The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Produced Privileged Material.  Nothing in this Protective Order shall limit

17

the right of any Party to request an *in camera review* of the Inadvertently Produced

Privileged Material.

20.     **Unauthorized Use and Disclosure**.

     a.      If "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material is

disclosed to any person other than in the manner authorized by this Stipulated Protective

Order ("Unauthorized Person"), the Party responsible for the unauthorized disclosure,

and any Party with knowledge of the unauthorized disclosure shall, immediately upon

learning of such disclosure, inform the Producing Party of all pertinent facts relating to

such disclosure including, without limitation, an identification of the material disclosed

and the Unauthorized Persons to whom the disclosure was made.

     b.      The Party responsible for the disclosure also promptly shall take all

reasonable measures to recover the material disclosed without authorization and to ensure

that no further or greater unauthorized disclosure or use of such information or materials

is made by doing the following, without limitation: (i) promptly informing the

Unauthorized Person that the material contains "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

PROSECUTION BAR" material and of the provisions of this Protective Order; (ii)

requesting that the Unauthorized Person sign the Agreement to be Bound (<u>Exhibit 1</u>) to

be promptly provided to the Producing Party; and (iii) retrieving all copies of

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material disclosed to the

Unauthorized Person.  The Producing Party and Party that disclosed the confidential

material shall cooperate in good faith in this effort.

   c. Any person found to have made an impermissible use of any Designated

Information will be subject to, without limitation, appropriate civil penalties, including

contempt of court.

   21. **Filing Under Seal**.  Notwithstanding the designation of information in discovery,

there is no presumption that such information shall be filed with the Court under seal.  The

Parties shall follow the Court's procedures with respect to filing under seal.

   22. **Relevance and Admissibility**.  Nothing in this Protective Order constitutes an

admission by any Party that Designated Information disclosed in this case is relevant or

admissible.  Each Party reserves the right to object to the use or admissibility of the

Designated Information.

   23. **Termination of Access**.

   a. In the event that any person or Party ceases to be engaged in the conduct

of the Action, such person's or Party's access to any and all "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY

CONFIDENTIAL – PROSECUTION BAR" material shall be terminated.  In addition, all

copies of such material shall be returned or destroyed as soon as practicable, and no later

than thirty (30) calendar days, after such person or Party ceases to be engaged in the

conduct of the Action.

   b. The provisions of this Protective Order shall remain in full force and effect

as to any person or Party who previously had access to any "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY

CONFIDENTIAL – PROSECUTION BAR" material, except as may be specifically ordered by the Court or consented to by the Producing Party.

24. **Final Disposition**.

    a.    Within sixty (60) calendar days after the conclusion of the Action, after all appeals periods have expired or execution of a settlement agreement finally disposing of the action ("Termination of the Action"), each Party or other individual to whom any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material was provided shall either (A) assemble and return to Counsel for the Producing Party; or (B) destroy such material in a manner that it will not be disclosed or recovered by any person, all originals and unmarked copies of Discovery Material containing "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material and shall certify their compliance with this Paragraph. For the avoidance of doubt, Termination of the Action is not the same as Termination of Access referenced in Paragraph 23.

    b.    Notwithstanding Paragraph 24(a), Outside Counsel of Record may retain for archival purposes subject to the provisions of this Protective Order copies of all (i) pleadings and court papers; (ii) deposition transcripts, trial transcripts, declarations/affidavits, and exhibits to the foregoing; and (iii) attorney work product including such materials containing, quoting, discussing, or analyzing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR."

c.      The "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR"  material

kept by Outside Counsel of Record pursuant to this Paragraph shall be maintained in

accordance with this Protective Order.

25.     **Injunctive Relief**.  In the event anyone shall violate or threaten to violate the

terms of this Protective Order, the Parties agree that the aggrieved Party may immediately apply

to obtain injunctive relief against any such person.

26.     **Modifications to Protective Order.**  Any Party may, on motion or other request

to the Court and for good cause shown, seek a modification of this Protective Order, and, by its

agreement to this Protective Order, no Party shall be deemed to have waived the right to

modifications later sought by such Party.  No modification in this Protective Order that adversely

affects the protection of any  Discovery Material produced or given by a third party in this case

shall be made without giving to that third party appropriate notice and opportunity to be heard by

the Court.  Nothing in this Protective Order shall limit the Parties' ability to stipulate to the

receipt of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material by a particular individual,

to the manner in which an individual may receive such information, whether or not such

individuals are listed under Paragraphs 5 and 6, or to modifications to deadlines required by this

Protective Order.

27.     **Hearings and Trial**.

a.      The Parties shall confer and attempt in good faith to agree before any trial

or other hearing on the procedures under which "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL –

PROSECUTION BAR"  material may be introduced into evidence or otherwise used at such trial or hearing.  Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each Non-Party producing any "CONFIDENTIAL "  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material which may be used or introduced at such trial or hearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material at trial or hearing upon reasonable notice to all Parties and Non-Parties who have produced such information.  Nothing in this Protective Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing before this Court, and any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding.

b.      The Parties shall provide Non-Parties with notice of potential use at trial of any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by that Non-Party as soon as practicable if and when they are listed as potential exhibits in the required filings prior to commencement of trial.  The Parties shall give notice as soon as practicable after "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material which is not listed on the exhibit list is determined to be used by Counsel for a Party at trial.

28.   **Additional Terms**.

a.      This Protective Order shall not deprive any Party of its right to object to discovery by any other Party or person on any otherwise permitted ground.

b.      This Protective Order shall survive the Termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

c.      Entering into, agreeing to or producing or receiving "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material or otherwise complying with the terms of this Protective Order shall not:

i.      operate as an admission or concession by any Party that any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material reflects, or does not reflect, confidential or proprietary information, any trade secrets, or otherwise sensitive information or other type of confidential information;

ii.      prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein;

iii.      prejudice in any way the rights of a Party to object to any discovery request seeking production of material it considers not subject to discovery on any ground permitted by the Federal Rules of Civil Procedure or Rules of this Court, including any applicable privilege;

iv.      prejudice in any way the rights of a Party to seek a determination by the Court that particular materials be produced;

v.      prejudice in any way the rights of a Party to object to the authenticity or admissibility into evidence of any document, testimony or other

evidence subject to this Protective Order;

      vi.    prejudice in any way the rights of a Party to apply to the Court for further protective orders, including a higher level of protection than provided for by this Protective Order; nor

      vii.    prejudice in any way the rights of a Party to seek modification of this Protective Order upon due notice to all Parties and affected third parties.

29.    **Jurisdiction of the Court**.  The Parties, all persons subject to discovery in these proceedings and all persons who receive "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material pursuant to this Protective Order, consent to and shall be subject to the jurisdiction of this Court in any proceeding relating to performance under, compliance with, or violation of this Protective Order.  The Court hereby retains jurisdiction to interpret and enforce this Protective Order or to impose sanctions for any contempt thereof during the pendency of this action and following dismissal, if any, and further retains jurisdiction to modify, amend or make additions to this Protective Order as it may from time to time deem appropriate.

**SO STIPULATED AND AGREED.**

Dated:  May 19, 2023

      /s/ Aaron P. Bowling

Christopher J. Renk (admitted *pro hac vice*)
Michael J. Harris (admitted *pro hac vice*)
Aaron P. Bowling (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
70 W. Madison Street, Suite 4200
Chicago, IL 60602
Telephone:  (312) 583-2300
Email:  chris.renk@arnoldporter.com
      michael.harris@arnoldporter.com
      aaron.bowling@arnoldporter.com

Michael J. Sebba (SBN 5398540)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:  (213) 243-4000
Email:  michael.sebba@arnoldporter.com

Bridgette C. Gershoni (admitted *pro hac vice*)
Michael J. Gershoni (admitted *pro hac vice*)
Kathleen P. Duffy (SBN 1040190)
Lindsey C. Staubach (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:  (202) 942-5000
Email:  bridgette.gershoni@arnoldporter.com
          michael.gershoni@arnoldporter.com
          kathleen.duffy@arnoldporter.com
          lindsey.staubach@arnoldporter.com

*Attorneys for Plaintiff Nike, Inc.*

Dated:   May 19, 2023             /s *Brandon G. Smith*
                                  Ali S. Razai (admitted *pro hac vice*)
                                  Brandon G. Smith (admitted *pro hac vice*)
                                  Knobbe, Martens, Olson & Bear, LLP
                                  2040 Main Street, Fourteenth Floor
                                  Irvine, CA 92614
                                  Telephone: (949) 760-0404
                                  Email: ali.razai@knobbe.com
                                  brandon.smith@knobbe.com

*Attorneys for Defendant lululemon usa inc.*

**SO ORDERED.**

Dated: May 19, 2023
       New York, New York

                                  _____
                                  J. PAUL OETKEN
                                  United States District Judge

25

## **Exhibit 1**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIKE, INC.,<br><br>   Plaintiff, Counter-Defendant,<br><br>vs.<br><br>LULULEMON USA INC.<br><br>   Defendant, Counter-Plaintiff. | **)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)** |

Case No. 1:23-cv-00771-JPO

**STIPULATION AND
PROTECTIVE ORDER**

## **Agreement To Be Bound**

I, _____, state that:

1. My present employer is _____ and the address of my present employment is _____.

2. My present occupation or job description is _____.

3. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court in the above-captioned case.

4. I will comply with all provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR" material or any words, summaries, abstracts, or indices of such material disclosed to me.

6.      I will limit use of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – PROSECUTION BAR"
material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return or destroy all
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and
"HIGHLY CONFIDENTIAL – PROSECUTION BAR" material, and summaries, abstracts, and
indices thereof which come into my possession, and documents or things which I have prepared
relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

Name (print): _____

Signature: _____