# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

Ali S. Razai
Ali.Razai@knobbe.com

October 10, 2023
**VIA ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007
(212) 805-0238

Re:   *Nike, Inc. v. lululemon usa inc.* (Case No. 1:23-cv-00771-AS)

Dear Judge Subramanian:

We represent Defendant lululemon usa, inc. ("lululemon") in connection with the above-referenced matter. We write to respectfully request a pre-motion conference regarding Plaintiff Nike, Inc.'s ("Nike") deficient responses to lululemon's Interrogatory No. 5 relating to Nike's calculation of damages. Nike's responses fail to provide any amount of damages it seeks or any royalty rate from which that amount could be calculated. lululemon requests that the Court compel Nike to identify the amount of damages it seeks based on lululemon's sales data produced to date, or to identify the alleged royalty rate (or range of royalty rates) to which Nike contends it is entitled and from which lululemon could determine the alleged amount of damages.

1. **Nike's Deficient Responses to Interrogatory No. 5**

lululemon's Interrogatory No. 5 requests that Nike describe its claim for damages including the amount of damages, royalty rate, how the amount was calculated, and documents relating to damages suffered. *See* Ex. 1 at 4. Nike's responses state that it seeks a reasonable royalty (Nike has separately confirmed it is not seeking lost profits) and identify seven purportedly relevant documents. *See* Ex. 4 at 3-5. This falls far short of a fulsome response. lululemon explained to Nike that, at this stage of the case and consistent with Local Civil Rule 33.3(a), lululemon seeks identification of the total amount of damages Nike seeks and/or an identification of the royalty rate that Nike seeks, from which the alleged damages can be easily calculated. lululemon further agreed that Nike can provide a supplemental response discussing the factors influencing the royalty rate (called the *Georgia Pacific* factors in patent litigation) at a later date, after additional discovery. Yet, Nike has refused to provide even this basic computation of damages expressly contemplated by Local Civil Rule 33.3(a).

Nike's refusal to provide the requested information is based on objections that the interrogatory is premature and requires expert discovery. Both lack merit. lululemon's Interrogatory No. 5. is expressly permitted by Local Civil Rule 33.3(a), which allows for interrogatories seeking "the computation of each category of damage alleged" after the commencement of discovery. *J.P. Morgan Sec. LLC v. Mariano*, No. 1:17-CV-01080(GBD)(SDA), 2018 WL 522339, at *3 (S.D.N.Y. Jan. 22, 2018) (rejecting argument that damages interrogatory was premature and requiring response to

interrogatory).  lululemon's Interrogatory No. 5, and particularly the information lululemon seeks to compel through this motion, is expressly within the scope of Local Civil Rule 33.3(a).  *See JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 CIV. 9116 (PGG), 2009 WL 1422743, at *2 (S.D.N.Y. May 20, 2009) (requiring meaningful calculation of alleged damages including how such amounts were calculated and documents that support or relate to each amount claimed); *In re Veeco Instruments, Inc. Sec. Litig.*, No. 05MD1695 CMGAY, 2007 WL 274800, at *2 (S.D.N.Y. Jan. 29, 2007) (requiring response to interrogatories relating to damages because interrogatories directed to computation of each category of damage alleged are allowed at commencement of discovery).  Nike therefore must, at this stage, at least identify the amount of damages it seeks based on the sales information produced by lululemon to date or identify the reasonable royalty rate that Nike seeks, which would allow lululemon to calculate the alleged damages.  lululemon recognizes that Nike may supplement its response later in discovery to provide a more detailed explanation of its damages theory and provide expert testimony to support its purported damages, but consistent with the purpose of Local Civil Rule 33.3(a), the information sought through this motion must be provided now.

Nike also asserted that it did not have to provide the requested damages information because damages will be the subject of expert discovery.  This objection also lacks merit.  To be sure, damages will be a subject of expert discovery, but that does not allow Nike to withhold all damages calculations during the fact discovery phase.  *See In re Veeco Instruments, Inc.*, 2007 WL 274800, at *2 (overruling objection that damages information should be reserved for expert discovery and requiring response in view of Local Civil Rule 33.3(a)).  The very basic information lululemon seeks here (i.e., an amount of damages and/or a royalty rate) can and should be provided at this stage under the Local Civil Rules.

During the meet and confer, Nike asserted that Local Civil Rule 33.3(a) may have allowed lululemon to **serve** but did not require Nike to **respond** to the Interrogatory.  This assertion lacks support and is contradicted by Local Civil Rule 33.3(a) itself.  There is no reason to permit service of an interrogatory except to require a response.  Furthermore, requiring Nike to provide this basic damages information early in discovery serves an important purpose; it allows lululemon to assess the nature of the case and have an appreciation of Nike's view of lululemon's potential liability.

lululemon recognizes that Nike currently may only be able to provide a range of damages it is seeking and that Nike may need to supplement its response in the future to the extent new information relevant to the *Georgia Pacific* factors is uncovered during discovery.  The potential for future supplementation or narrowing, however, does not provide a basis for Nike to refuse to provide its current computation now.

lululemon respectfully requests the Court compel Nike to supplement its Response to Interrogatory No. 5 to identify the total amount of damages that Nike claims and/or identify the reasonable royalty rate that it seeks.

2. **The Dispute Process and lululemon's Attempts at a Resolution**

lululemon served Interrogatory No. 5 on July 31.  *See* Ex. 1 at 4.  Nike served its objections and response to Interrogatory No. 5 on August 30.  *See* Ex. 2 at 3-5.  lululemon's counsel sent a letter to Nike's counsel on September 7 explaining why Nike's objections are improper and why its response is

deficient.  *See* Ex. 3.  Nike served its First Supplemental Response to Interrogatory No. 5 on September 19.  *See* Ex. 4 at 3-5.  Nike's supplemental response failed to identify the total amount of damages that Nike claims and failed to identify the reasonable royalty rate that it seeks.

The parties held a Lead Trial Counsel meet and confer on September 26, 2023, from 2:00 to 2:20 p.m. ET.  Ali Razai and Brandon Smith participated in the meet and confer on behalf of lululemon.  Christopher Renk, Aaron Bowling, and Lindsey Staubach participated in the meet and confer on behalf of Nike.  lululemon attempted to resolve this dispute by requesting that Nike supplement its response to Interrogatory No. 5 to identify either the total amount of damages that Nike seeks based on the sales data produced by lululemon to date and/or identify a reasonable royalty rate, noting that Nike could supplement later to provide additional information regarding the *Georgia Pacific* factors.  Nike refused to provide even this basic damages related information.  lululemon informed Nike that it believed the parties were at an impasse regarding Nike's deficient responses to lululemon's Interrogatory No. 5 and that it would be filing a letter motion requesting a pre-motion conference with the Court.

We thank the Court in advance for its attention to this matter.

Very truly yours,

/s/ *Ali S. Razai*
Ali S. Razai

Plaintiff should file any response to Defendant's letter no later than **October 12, 2023**. The Court will hold a conference on **October 13, 2023 at 3PM**. The conference will be held via Microsoft Teams. The parties should dial in by calling (646) 453-4442 and entering the Phone Conference ID: 764 178 247, followed by the pound (#) sign.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 11, 2023