# Arnold&Porter

October 12, 2023

<u>**VIA ECF**</u>

Hon. Arun Subramanian
U.S. District Court S.D.N.Y
500 Pearl Street
New York, New York 10007

**Re**:   *Nike, Inc. v. lululemon usa, inc.* **(Case No. 1:23-cv-00771-JPO)**

Dear Judge Subramanian,

We represent Nike, Inc. ("Nike") in this matter.  Nike opposes lululemon's motion because (1) Nike has already provided significant detail about Nike's damages theory and the related evidence; (2) lululemon prematurely seeks Nike's "claims and contentions," contrary to Local Rule 33.3(c); (3) lululemon prematurely seeks a determination that is the subject of expert analysis; and (4) none of lululemon's cited authority support its position, i.e., that Nike must provide—at this stage of the case—the "amount of damages it seeks or any royalty rate from which that amount could be calculated."

1. **Nike's Answer to lululemon's Interrogatory No. 5 Provide Significant Detail About Nike's Damages Theory and Related Evidence**

As lululemon admits, Nike has already provided significant detail in its answer to lululemon's Interrogatory No. 5.  *See* lulu Mot. at 1.  Nike's answer identifies its damages theory and a variety of currently-known evidence that Nike intends to rely upon in support of its theory.  ECF No. 72–4 at 4–5.  As to the theory, Nike explains that it seeks "a reasonable royalty on lululemon's sales."  *Id.*  Nike adds that it "does not seek damages under a lost profits theory in this litigation."  *Id.*  Nike further explains that it intends to calculate a reasonable royalty "based on a 'hypothetical negotiation' or 'willing licensor-willing licensee' approach," which Nike's expert will determine by assessing the 15 *Georgia-Pacific* factors.  *Id.* Ex. 1 at 1.  Nike also identifies a variety of evidence "relevant to assessing the *Georgia-Pacific* factors."  For example, Nike cites to agreements with other parties (NIKE0009106; NIKE0009073; NIKE0009128).  *Id.*  Nike also cites to a variety of sales information produced by lululemon as recently as last month, including sales data, sales projections, and sales presentations (LULU_NIKEFW-0000002; LULU_NIKEFW-0002503; LULU_NIKEFW-0010125; LULU_NIKEFW-0013024).  *Id.* Nike's answer thus provides a sufficient level of detail for this stage of litigation.

2. **lululemon Prematurely Seeks Nike's Claims and Contentions, Contrary to Local Rule 33.3(c)**

lululemon's Interrogatory No. 5 is a contention interrogatory.  It seeks, for example: (i) "the factual and legal bases supporting [Nike's] *claim* for damages"; (ii) "the royalty base, royalty rate, and date of hypothetical negotiation that You *contend* should be applied in assessing a reasonable royalty"; (iv) "the basis for such *contentions*"; (v); "the dollar

**Arnold&Porter**

October 12, 2023
Page 2

amount of damages You ***claim*** [and] the manner in which that amount was calculated." ECF No. 72–4 at 4. (emphasis added).

Local Rule 33.3(c) states that "interrogatories seeking the claims and contentions of the opposing party" may only be served "at the conclusion of other discovery" unless the Court has ordered otherwise.   In other words, "responses to contention interrogatories will be due at ***the very end*** of the fact discovery period." *Pratt v. Atalian Glob. Servs.*, No. 20-cv-3710, 2021 WL 1234253, at *2 (S.D.N.Y. Apr. 2, 2021). *See also CG3 Media, LLC* v. *Belleau Techs.,* No. 21-cv-04607, 2022 WL 1172499, at *2 (S.D.N.Y. Apr. 20, 2022); *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) ("This court has recognized that answers to contention interrogatories evolve over time as theories of liability and defense begin to take shape; answers to those interrogatories may not come into focus until the end of discovery.").

lululemon's request for Nike's contentions is premature because the parties are not yet at "the conclusion of other discovery." *See* Local Rule 33.3(c).  To date, lululemon has produced a mere 3,039 documents—50% of which were produced in the past month; and 20% in just the past week.  Bowling Decl. at **.  Many of these documents are relevant to assessing the *Georgia-Pacific* factors. *E.g.*, LULU_NIKEFW-0016035 (produced October 6, 2023).  lululemon should not be permitted to slowly produce responsive documents, while also demanding that Nike provide its contention as to the "amount of damages it seeks or any royalty rate from which that amount could be calculated." *See* lulu Mot. at 1.

## 3.  lululemon Prematurely Seeks Determinations Subject to Expert Analysis

Courts across the country have recognized that, in patent cases, "calculating damages based on a reasonable royalty . . . involves a complex, multi-factor analysis that should be addressed in expert discovery instead of fact discovery." *E.g.*, *Robert Bosch LLC v. Snap-On Inc.*, 2013 WL 1703328, *4 (E.D. Mich. 2013) (citing 35 U.S.C. § 284). *See also Wonderland Switzerland AG v. Britax Child Safety, Inc.,* 2020 WL 6365382 (D.S.C. Oct. 29, 2020) (same)*; Milwaukee Elec. Tool Corp. v. Chervon N. Am. Inc.*, 2017 WL 2445845, at *6–*7 (E.D. Wis. June 6, 2017) (requiring the patentee to disclose damages theories along with documents supplying facts supporting damages claims, but holding that "a precise assessment of how the facts connect to the applicable legal standard or a calculation of the ultimate damages claims can await expert analysis").

In *Robert Bosch*, the defendant moved to compel the patentee to answer its interrogatory seeking the "measure of its damages for the alleged infringement of the '313 patent, including but not limited to the amount asserted by [patentee] to constitute a reasonable royalty under 35 U.S.C. § 284." *Id.*  The court denied the motion to compel, holding that interrogatories are an improper vehicle for seeking a patentee's contention as to the amount of damages they claim:

> Disclosing damages amounts and the manner in which those
> amounts were calculated requires too detailed of an analysis

**Arnold&Porter**

October 12, 2023
Page 3

> and explanation for an interrogatory response. Defendants
> have been placed on notice of the two damages theories
> [patentee] intends to pursue. The precise details of those
> theories should be reserved for expert discovery, and the
> court will deny Defendants' motion to compel.

*Id.*  Here too, Nike's answer to Interrogatory No. 5 provides notice of Nike's damages theory, and Nike has supplemented its answer to identify additional information being produced by lululemon.  *See id.*  Nike is not required to do more at this stage of the case.

### 4.  None of lululemon's Cited Authority Supports its Position

lululemon mischaracterizes Local Rule 33.3(a).  The Rule places restrictions on the types of interrogatories a party may serve "at the commencement of discovery." L.R. 33(a). Specifically, Rule 33.3(a) states that interrogatories "at the commencement of discovery . . . will be restricted" to three categories:  (1) "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action"; (2) "the computation of each category of damage alleged"; (3) "the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."  Rule 33.3(a) is silent as to when a party is required to provide an answer to any of these interrogatories, and Rule 33.3(a) does not indicate that a "computation of each category of damage" requires the responding party to provide the "amount of damages it seeks." [1]

lululemon's cited authority also fails to support its position.  lululemon cites three cases, none of which involve patents or the calculation of patent damages.  In the first two cases—*JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-cv-9116, 2009 WL 1422743, at *2 (S.D.N.Y. May 20, 2009) (a fraud case) and *In re Veeco Instruments, Inc. Sec. Litig.*, No. 05-cv-1695, 2007 WL 274800, at *2 (S.D.N.Y. Jan. 29, 2007) (a securities fraud case)—the Court held that the answering party was simply required to "respond to this interrogatory based on the information presently available to it." *Id.*  That's what Nike has done here.  Neither case requires more.  In the third case—*J.P. Morgan Sec. LLC v. Mariano*, No. 17-cv-01080, 2018 WL 522339, at *3 (S.D.N.Y. Jan. 22, 2018) (a breach of contract case)—the answering party had already provided the amount of damages it believed it was owed ($100M).  The Court merely ordered the responding party to explain the "categories of damages that comprise the over $100 million." *Id.*  Nothing in any of these cases supports lululemon's position that Nike must provide, at this stage of the litigation, the "amount of damages it seeks or any royalty rate from which that amount could be calculated."  *See* lulu Mot. at 1.  The Court should thus deny lululemon's motion.

---

[1] lululemon suggests—for the first time in its Letter Motion—that Nike could satisfy its obligation by identifying "a range of damages it is seeking."  lululemon never mentioned this in its letter correspondence or during the parties' meet-and-confer.  Bowling Decl. at **.  Nonetheless, lululemon's motion should be rejected for the reasons discussed herein.

**Arnold&Porter**

October 12, 2023
Page 4

Best regards,

/s/ *Aaron P. Bowling*
Christopher J. Renk
Michael J. Harris
Aaron P. Bowling
Michael J. Sebba
Lindsey Staubach

Counsel for Plaintiff Nike, Inc.

As explained at the October 13, 2023 discovery conference, lululemon's motion to compel is DENIED without prejudice to refiling as discovery progresses.

The Clerk of Court is directed to terminate the motion at ECF No. 72.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 16, 2023

s