Ali S. Razai
ali.razai@knobbe.com
Joseph F. Jennings
joe.jennings@knobbe.com
Brandon G. Smith
brandon.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St., 14th Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Inzer C. Ni
inzer.ni@knobbe.com
Stacy Rush
stacy.rush@knobbe.com
Knobbe, Martens, Olson & Bear, LLP
1155 Avenue of the Americas, 24th Floor
New York, NY 10036
Telephone: (212) 849-3000
Facsimile: (212) 849-3001

Jonathan E. Bachand
jonathan.bachand@knobbe.com
Knobbe, Martens, Olson & Bear, LLP
1717 Pennsylvania Avenue N.W.
Suite900
Washington, DC 20006
Tel: 202-640-6400
Fax: 202-640-6401

Attorneys for Defendant
LULULEMON USA INC.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC.,<br><br>                          Plaintiff,<br><br>v.<br><br>LULULEMON USA INC.,<br><br>                          Defendant. | Case No.: 1:23-cv-00771-AS<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PENDING *INTER PARTES* REVIEW** |

## TABLE OF CONTENTS

**Page No.**

I.      PRELIMINARY STATEMENT ...........................................................................................1

II.     STATEMENT OF FACTS .................................................................................................2

III.    LEGAL STANDARD..........................................................................................................4

IV.     ARGUMENT .......................................................................................................................4

    A.      A Stay Will Simplify The Issues ...........................................................................5

    B.      This Action is Still at an Early Stage .....................................................................9

    C.      A Stay will not Prejudice Nike .............................................................................10

        1.      lululemon Timely Filed Its IPRs and This Motion to Stay........................10

        2.      The Status of the IPRs Favors a Stay.........................................................11

        3.      The Parties' Relationship Favors a Stay ....................................................11

V.      CONCLUSION...................................................................................................................13

## TABLE OF AUTHORITIES

**Page No(s).**

*ACQIS, LLC v. EMC Corp.*,
    109 F. Supp. 3d 352 (D. Mass. 2015) ............................................................................10, 12

*Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*,
    2019 WL 365709 (E.D.N.Y. Jan. 30, 2019) ...........................................................................5

*Aylus Networks, Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017).............................................................................................7

*Canatelo LLC v. Axis Commc'ns AB*,
    No. 13-1227-GMS, 2014 WL 12774920 (D. Del. May 14, 2014) .........................................11

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
    721 F.3d 1330 (Fed. Cir. 2013).............................................................................................6

*Goodman v. Samsung Elecs. Am., Inc.*,
    No. 17-CV-5539 (JGK), 2017 WL 5636286 (S.D.N.Y. Nov. 22, 2017)........................4, 5, 11

*Molo Designs Ltd. v. Chanel, Inc.*,
    No. 21-CV-01578 (VEC), 2022 WL 2135628 (S.D.N.Y. May 2, 2022)....................... *passim*

*Nanobebe US Inc. v. Mayborn (UK) Ltd.*,
    21-cv-08444 (JLR), 2023 WL 4993642 (S.D.N.Y. Aug. 4, 2023) .........................................12

*Nike, Inc. v. lululemon usa inc.*,
    22-cv-00082 (RA) (OTW), 2023 WL 2214884 (S.D.N.Y. Feb. 24, 2023) ..........................2, 6

*Rovi Guides, Inc.* v. Comcast Corp.,
    2017 WL 4876305 (S.D.N.Y. Oct. 27, 2017).................................................................10, 11

*Slingshot Printing LLC v. Canon U.S.A., Inc.*,
    No. 22-CV-00123 (HG) (LGD), 2022 WL 17361232 (E.D.N.Y. Dec. 1, 2022)......................5

*SunPower Corp. v. PanelClaw, Inc.*,
    No. 12-1633-GMS, 2014 WL 12774919 (D. Del. May 16, 2014) ..........................................8

*Synkloud Tech., LLC v. Cartessa Aesthetics, LLC*,
    2022 WL 1046261 (E.D.N.Y. Apr. 6, 2022) ................................................................5, 7, 13

*Wiesel v. Apple Inc.*,
    No. 19CV7261JMAJMW, 2021 WL 5038764 (E.D.N.Y. Oct. 29, 2021) .............................12

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

## OTHER AUTHORITIES

35 U.S.C. § 6.................................................................................................................8

35 U.S.C. § 314.............................................................................................................6

35 U.S.C. § 315.............................................................................................................7

35 U.S.C. § 316.............................................................................................................4

37 CFR §42.106............................................................................................................3

## I.  PRELIMINARY STATEMENT

Defendant lululemon usa inc. ("lululemon") moves to stay this case pending resolution of lululemon's petitions for *inter partes* review ("IPR") challenging the validity of the asserted claims of two of the three asserted patents in this case.  The relevant factors all weigh in favor of a stay.

First, granting a stay will simplify this case because the Patent Trial and Appeal Board ("PTAB") may invalidate Nike's asserted claims. Even if all challenged claims are not invalidated, the Court likely would still benefit from the records of the IPR proceedings and patent validity determinations of an expert tribunal when the Court construes any claims remaining after the IPRs and when the Court rules on dispositive motions.

Second, this case is still at a relatively early stage. The parties have exchanged written discovery and have taken only one fact deposition. Although a *Markman* hearing on claim construction is currently scheduled for December 11, 2023, the Court would benefit from considering the PTAB's decisions before issuing a claim construction decision.

Third, a stay will not prejudice Nike. Nike has demonstrated no urgency in pursuing this case.  Nike delayed filing suit for nearly a year after lululemon introduced the accused products, and Nike did not seek a preliminary injunction when it did file suit. The only asserted patent that is not the subject of a pending petition—U.S. Patent No. 8,266,749—will expire on March 3, 2024, before the close of fact discovery.[1] Further, as to the other asserted patents (U.S. Patent Nos. 9,375,046, and 9,730,484), Nike does not contend it practices these patents and seeks only a reasonably royalty, which demonstrates that monetary damages would provide adequate

---

[1] lululemon will be filing an IPR petition as to this patent in due course and before the one-year statutory deadline of January 31, 2024.

compensation if any claims ultimately survive IPR and Nike proves infringement of any such claim(s).

Additionally, Nike and lululemon have already litigated staying a patent case in view of IPR petitions in a separate patent case pending in this district.  In that case Nike asserted six patents and lululemon moved to stay the case after it filed IPR petitions, but before the petitions had been instituted.  This Court stayed that case, finding the IPR proceedings may simplify issues, discovery was not substantially complete, and Nike would not be prejudiced because, inter alia, Nike offered no competing products that practiced the assert patents.  *See Nike, Inc. v. lululemon usa inc.*, 22-cv-00082 (RA) (OTW), 2023 WL 2214884 (S.D.N.Y. Feb. 24, 2023).[2]  As in that case, the PTAB's resolution of the IPRs here potentially would moot Nike's claims or at least narrow the issues and provide guidance regarding claim construction issues.  In the event the PTAB does not institute review of the IPRs, a stay through the spring 2024 institution deadlines would be relatively short and not prejudice Nike.

lululemon requests that the Court stay this litigation pending resolution of the IPRs and order the parties to update the Court after the PTAB has issued its institution decisions.

## II.  STATEMENT OF FACTS

Nike filed this suit on January 30, 2023, alleging that lululemon infringed three Nike patents.[3]  Nike alleges that various lululemon shoes infringe the asserted patents.  On June 29, 2023, Nike served its initial infringement contentions identifying the asserted claims of the

---

[2]  The IPRs for the asserted patents in that case were instituted and the case remains stayed. *Nike, Inc. v. lululemon usa inc.*, 22-cv-00082 (RA) (OTW), D.I. 112 (S.D.N.Y. July 20, 2023).

[3]  U.S. Patent Nos. 8,266,749 ("'749 Patent"), 9,375,046 ("'046 Patent"), and 9,730,484 ("'484 Patent") (collectively, the "Asserted Patents").

patents.[4]  Nike seeks a reasonable royalty for the alleged infringement and has expressly stated it "does not seek damages under a lost profits theory in this litigation."  (Declaration of Ali S. Razai ("Razai Decl."), Ex. 1 at 4).  Although Nike contends it practices the soon-to-expire '749 patent, it has not alleged either it or any licensee practices any claims of the '046 patent or '484 patent.  Nike admits that it does not bother to determine whether it practices its own patents.  (Razai Decl., Ex. 2 at 3 ("Nike does not, in the ordinary course of business, perform analyses to identify which of Nike's products practice claims of Nike patents.")).

This case is currently in fact discovery, which closes on March 15, 2024.  D.I. 56.  The parties have recently completed briefing claim construction issues.  A *Markman* hearing is scheduled for December 11, 2023.  D.I. 63.  Expert discovery is scheduled to be completed by June 15, 2024, or 90 days after the Court's *Markman* order, whichever is later.  D.I. 56.  No trial date is set.

On September 27, 2023, lululemon filed an IPR petition challenging all asserted claims of the '484 patent.  *lululemon USA Inc. v. Nike, Inc*., IPR2023-01460, Paper 1.  Razai Decl., Ex. 5. After the PTAB confirmed the petition satisfied the requirements of a complete petition (37 CFR §42.106), the PTAB issued a notice according the petition a filing date of October 3, 2023. *lululemon USA Inc. v. Nike, Inc*., IPR2023-01460, Paper 3.  On November 8, 2023, lululemon filed an IPR petition challenging all asserted claims of the '046 patent, Razai Decl., Ex. 6, and the PTAB recently accorded that petition a filing date of November 29, 2023.

Based on the notices of filing dates, the deadlines for the PTAB to issue its institution decisions and final written decisions in the IPRs of the '484 and '046 patents are set forth below.

---

[4]  Nike is asserting: (1) claims 1-3, 7, 16-18, and 20 of the '046 patent; (2) claims 1, 5-8, 11-15, and 17 of the '484 patent; and (3) claims 1-8, 11-18, and 21 of the '749 patent.

| Patent No. | IPR No. | Date Filed | Notice of Filing Date | Institution Decision Deadline | Final Written Decision Deadline[5] |
|---|---|---|---|---|---|
| 9,730,484 | IPR2023-01460 | 9/27/2023 | 10/3/2023 | 4/3/2024 | 4/3/2025 |
| 9,375,046 | IPR2024-00159 | 11/8/2023 | 11/29/2023 | 5/29/2024 | 5/29/2025 |

### III.  **LEGAL STANDARD**

"A federal district court has inherent power to stay an action pending *inter partes* review." *Goodman v. Samsung Elecs. Am., Inc.,* No. 17-CV-5539 (JGK), 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017). Three non-exclusive factors guide a court in deciding whether to issue such a stay: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Id.* at *2 (quoting *Rovi Guides, Inc.* v. Comcast Corp., 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017)). A court may also consider the overall circumstances of the case to decide whether a stay is appropriate. *Goodman*, 2017 WL 5636286 at *2.  The burden is on the movant to establish a stay is warranted. *Id.*

### IV.  **ARGUMENT**

The Court should stay this action pending resolution of the IPR proceedings because all three factors weigh in favor of a stay.

As the decision in the parties' co-pending case in this district recently noted, though other courts conclude that the stay factors cannot be meaningfully addressed pre-institution, "that view does not appear to be the majority position in this Circuit."  *Nike*, 2023 WL 2214884, at *2.

---

[5]  The PTAB may extend the one-year period for good cause by not more than 6 months, 35 U.S.C. § 316(a)(11), but such an extensions "are anticipated to be rare."  77 Fed. Reg. at 48,695.

Consistent with that analysis, courts in this district and the Eastern District of New York, routinely stay patent litigations before institution of IPRs given the minor resulting delay and potential simplification of issues.  *See, e.g.*, *Nike*, 2023 WL 2214884, at *1, *3 (granting stay where IPR petitions were filed but PTAB had not yet instituted review); *Slingshot Printing LLC v. Canon U.S.A., Inc.*, No. 22-CV-00123 (HG) (LGD), 2022 WL 17361232, at *4 (E.D.N.Y. Dec. 1, 2022) ("[S]everal recent Eastern District cases have addressed this factor and favor imposition of a stay [before an institution decision]."); *Molo Designs Ltd. v. Chanel, Inc.,* No. 21-CV-01578 (VEC), 2022 WL 2135628, at *2-3 (S.D.N.Y. May 2, 2022) (granting pre-institution stay); *Synkloud Tech., LLC v. Cartessa Aesthetics, LLC*, 2022 WL 1046261, at *4 (E.D.N.Y. Apr. 6, 2022) ("[T]he better course is to allow the PTO to apply its expertise to these proceedings before considerable judicial resources are expended" (internal quotations and citations omitted)); *Goodman*, 2017 WL 5636286, at *3 ("[I]it would make little sense to cause the parties to incur costs and expend effort litigating this matter just to have the matter stayed in March when the PTAB decides to institute review").  In accordance with this precedent, lululemon brings this Motion, before institution of its IPRs to reduce the resources expended by the parties and the Court.  "A pre-institution stay 'either will result in a minor delay or, if the PTAB grants [lululemon's] request for review, will simplify the issues in [the] case and provide the Court with expert guidance in a complex area of law.'" *Nike*, 2023 WL 2214884, at *2 (quoting *Molo Designs*, 2022 WL 2135628, at *2-3) (second bracket original).

## A.     A Stay Will Simplify The Issues

A stay is likely to simplify the issues in this case.  Congress established the IPR process with the "policy goals of streamlining the patent process in general and focusing patent enforcement litigation, thus limiting costs for all parties and preserving judicial resources." *Am.*

*Tech. Ceramics Corp. v. Presidio Components, Inc.*, 2019 WL 365709, at *2 (E.D.N.Y. Jan. 30, 2019).  "In view of those significant policy goals, 'the better course is to allow the PTO to apply its expertise to these proceedings before considerable judicial resources are expended." *Nike, Inc. v. lululemon usa inc. et al.*, 2023 WL 2214884, at *1 (Feb. 24, 2023) (quoting *Synkloud*, 2022 WL 1046261, at *4 (granting stay).

Resolution of the IPRs potentially may be dispositive of claims in this case, may narrow the issues in this case, and will result in the most efficient resolution of this case.  A stay will ensure the parties do not waste resources litigating, and the Court does not waste resources overseeing patent infringement claims and defenses that potentially will never be tried.

Two of the three asserted patents are currently subject to petitions for IPR.  If the PTAB rules in lululemon's favor and cancels all of the presently challenged claims, it would render moot two of the three patents that Nike asserts.  *Molo Design*, 2022 WL 2135628, at *2 ("If the PTAB were to cancel Molo's patent claims, it would render Molo's claims in this case moot."); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.").

The PTAB must institute an IPR on *all* challenged claims of a patent if it determines "there is a reasonable likelihood that the petition would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).  Moreover, to succeed after institution a petitioner need only prove invalidity by a preponderance of the evidence.  35 U.S.C. § 316(e).  PTO statistics also reveal the likelihood that some or all of the challenged claims are likely to be invalidated.  The IPR institution rate for FY 2022 was approximately 70% by patent and 67% by petition.  *See* Razai Decl., Ex. 3 at 6, 7, 9.  Those same statistics show that the majority of cases where the PTAB

institutes review, the PTAB invalidates some or all of the claims, the parties settle, or the patent owner cancels the claims. *Id.* at 11 (PTAB invalidates all claims in 24% of all petitions, PTAB invalidates some claims in 6% of petitions, parties settle 27% of all petitions, and patent owner requests cancelation in 3% of all petitions). "Given institution statistics like these, as one court observed in a case … involving multiple IPR petitions on multiple patent claims, 'the law of probabilities makes it almost certain that the PTAB will grant at least some of the [IPR] petitions, and that some of the claims will eventually be rejected or modified, and others of them, even if neither rejected nor modified, will garner additional prosecution history that may be relevant to claim construction.'" *Nike*, 2023 WL 2214884, at *1 (quoting *Miics & Partners Am. Inc. v. Toshiba Corp.*, 2015 WL 9854845, at *1 (D. Del. Aug. 11, 2015)). This case is no exception.

Even if the PTAB cancels only some of the challenged claims, issues will be narrowed and the scope of this litigation will be significantly simplified. *See Molo Design*, 2022 WL 2135628, at *2; *see also Synkloud*, 2022 WL 1046261, at *2 ("'[A]ny of the conceivable potential outcomes of IPR will lead to a simplification of the present case' by rending claims moot or narrowing the issues." (quoting *Rovi Guides*, 2017 WL 4876305, at *3)).

Indeed, even if the PTAB upholds all of the challenged claims after institution, the case will still be simplified for two key reasons. First, lululemon will be estopped from challenging the validity of the claims on any ground that was "raised or reasonably could have [been] raised" during the IPR proceeding. 35 U.S.C. § 315(e)(2). Second, the PTAB's review of the claims may assist the Court in rendering its *Markman* decision or determining dispositive motions. *See, e.g.*, *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding . . . can be considered for claim construction and relied upon to support a finding of prosecution disclaimer."). The Court can particularly benefit given

the PTAB's standing as an expert tribunal.  35 U.S.C. § 6(a) ("The administrative patent judges shall be person of competent legal knowledge and scientific ability . . . ."); *see also SunPower Corp. v. PanelClaw, Inc.*, No. 12-1633-GMS, 2014 WL 12774919, at *2 (D. Del. May 16, 2014) ("Even if the claims were to survive the IPR process entirely intact, the court would still benefit from the PTAB's expertise.").

The potential import of PTAB proceedings to claim construction issues is already evident in this litigation.  Nike proposed an "ordinary and customary" definition of "flat knitting process" in the '484 patent that is broader than (and contrary to) how it asked the PTAB to construe a similar term—"flat knitting"—in a prior IPR concerning U.S. Patent No. 7,347,011, the specification of which is incorporated by reference into the '484 patent.  Nike's statements in lululemon's IPRs regarding claim construction and how the challenged claims compare to the prior art will be relevant to claim construction and related issues in this case such as infringement.

The IPR of the '484 patent also implicates the issue of whether the "domed, three-dimensional structure" must be formed through the knitting process, or can be formed through other processing methods, which is an issue that the parties briefed here in connection with claim construction.  Although the primary grounds of unpatentability in lululemon's IPR petition on the '484 patent analyze the claims under lululemon's proffered constructions before this Court, Razai Decl., Ex. 5 at 39-79, lululemon has included alternative grounds that demonstrate claims are also unpatentable over the prior art if the PTAB were to accept Nike's broad construction.  *Id.* at 15-39.

Additionally, lululemon's IPR on the '046 patent implicates another claim construction issue, specifically, the construction of the term "tubular structures."  lululemon's position before the PTAB regarding the construction of "tubular structures" is consistent with its position before

this Court.  But lululemon has proposed multiple grounds of unpatentability in its IPR petition, including grounds under Nike's proposed construction where the "tubular structures" would be nothing more than ribs.  Even in the unlikely event that the '046 patent IPR does not result in claims being rendered unpatentable, it would provide additional clarity on how Nike understands terms that are vital to its infringement allegations.

The PTAB's resolution of such issues will simplify the case regardless of whether the IPRs invalidate all of the challenged claims.

**B.**     **This Action is Still at an Early Stage**

A stay is appropriate at this stage of the proceedings. The relatively early stage of these proceedings weighs in favor of a stay. *See, e.g.*, *Molo Design*, 2022 WL 2135628, at *4 (staying case before institution of IPRs where no depositions had been taken, expert discovery had not begun, a *Markman* hearing had not been held, and a trial date was not scheduled); *Nike*, 2023 WL 2214884, at *3 (staying case before institution of IPRs and holding that "because 'discovery is not substantially complete'" the stage of the case factor favored a stay).  Fact discovery is still in its early stages. The parties are still exchanging documents.  Although lululemon took one early fact deposition, the parties have not begun other fact depositions.  Nike recently even argued that discovery in this matter is in such an early stage that it should not be required to even provide a rough calculation of damages. *See* D.I. 77 and 86.

It would only serve to waste Court and party resources to litigate this matter when the IPRs could clarify issues in this case or even render the allegations of infringement related to these two patents moot.

**C.**     **A Stay will not Prejudice Nike**

The lack of prejudice to Nike also supports a stay.    consider four subfactors when determining whether a stay pending IPRs will cause prejudice to the nonmovant: "(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Rovi Guides*, 2017 WL 4876305, at *4 (internal quotations and citation omitted).  "Notably, mere delay in the litigation does not establish undue prejudice." *Id*. (internal quotations and citation omitted). Taken together, these subfactors favor a stay.

**1.**     **lululemon Timely Filed Its IPRs and This Motion to Stay**

lululemon filed its first two petitions about nine months after Nike filed its complaint in this action, which Nike filed without any pre-suit notice or demand letter to lululemon. District courts have routinely issued stays pending IPR where IPRs have been filed closer to the end of the one-year statutory period than presented here. *See, e.g.*, *Rovi Guides*, 2017 WL 4876305, at *4 (issuing stay after delay of nearly one year); *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 359 (D. Mass. 2015) (issuing stay after delay of eleven months).  "[T]he weight of the decisions in this Circuit counsels in favor of granting a stay where a party files its IPR proceedings within the one-year statutory deadline . . . ." *Molo Design*, 2022 WL 2135628, at *3.

lululemon filed its first two petitions less than five months after receiving Nike's initial infringement contentions in this case, evidencing that it did not delay.  *ACQIS, LLC*, 109 F. Supp. 3d at 359 ("It was reasonable for EMC to wait for ACQIS to choose which claims it intended to assert in the litigation before pursuing IPRs.  Once ACQIS served its infringement contentions, EMC prepared and filed its IPR petitions in a timely manner—within four months.").  lululemon's petitions repeatedly reference Nike's infringement theories and the breadth of Nike's interpretations of its own patents.

lululemon then promptly filed this motion the day after filing its second IPR.  This timing is not "dilatory or likely to give it a tactical advantage." *Rovi Guides*, 2017 WL 4876305, at *4 (staying case pending IPRs where party moved ten months after first filed IPR petition); *see also Goodman*, 2017 WL 5636286, at *3 (finding no undue prejudice where defendant moved to stay two months after filing IPR petition); *Canatelo LLC v. Axis Commc'ns AB*, No. 13-1227-GMS, 2014 WL 12774920, at *1 n.2 (D. Del. May 14, 2014) (finding moving to stay within two weeks of filing IPRs "suggests no dilatory motive").

    **2.**    <u>The Status of the IPRs Favors a Stay</u>

The status of the IPR proceedings also supports a stay. The PTAB has not yet instituted any of the reviews, but there is a high likelihood of institution (*see supra* Section I) and all institution decisions must be made by no later than spring 2024. Moving forward with fact discovery, claim construction, and expert discovery will require significant Court and party resources, when the PTAB will issue institution decisions shortly after the current close of fact discovery.  Indeed, a few "months of delay will not unduly prejudice [Nike], and if the PTAB were to grant IPR, there will be a substantial chance that its eventual decision will simplify the issues in this litigation." *Molo Design*, 2022 WL 2135628, at *4.  The institution decisions for the two petitions that lululemon has filed to date are due in less than six months, and the remaining patent will expire before that date.  Regardless of the result of those decisions, Nike will not be prejudiced from this brief delay.

    **3.**    <u>The Parties' Relationship Favors a Stay</u>

The accused products were initially launched approximately one year before Nike filed this lawsuit. (Razai Decl., Ex. 4).  lululemon's launch of its first ever footwear products was heavily promoted and covered by the press.  (*See Id.*).  Yet, Nike stayed silent for around a year.  Neither

are the asserted patents newly issued.  The '749 patent issued over a decade ago, and the '484 patent and the '046 patent issued over five years before Nike filed this lawsuit.  D.I. 1-1 - 1-3.  Nor did Nike seek a preliminary injunction.  "Where a plaintiff delayed in filing suit and failed to seek an injunction, courts give reduced weight to any [claims of] undue prejudice."  *Nike*, 2023 WL 2214884, at *3 (bracket original, internal quotation omitted).

Nike does not contend that it or any licensee sells any product that practices any of claims of the '046 and '484 patents. Therefore, there is no risk that a stay would harm Nike or its products, or cost Nike opportunities in the marketplace. *See, e.g.*, *Wiesel v. Apple Inc.,* No. 19CV7261JMAJMW, 2021 WL 5038764, at *4 (E.D.N.Y. Oct. 29, 2021) (finding no prejudice from stay, inter alia, the patent owner "does not sell a product embodying any claim of the [asserted] patent").  The fact Nike did not seek a preliminary injunction in this case undermines any claim of undue prejudice.  *See ACQIS, LLC*, 109 F. Supp. 3d at 358; *Nanobebe US Inc. v. Mayborn (UK) Ltd.*, 21-cv-08444 (JLR), 2023 WL 4993642 (S.D.N.Y. Aug. 4, 2023) (potential delay for injunctive relief not reason to deny stay when patentee "did not move for a preliminary injunction and does not contend that money damages could not make it whole.").  Moreover, Nike is seeking a reasonable royalty in this case and cannot identify any reason why money damages would be insufficient to compensate any harm incurred during the pendency of the stay.

Nike contends that it sells products related only to the '749 patent, but this patent will expire in less than four months (on March 3, 2024), before the close of fact discovery.  Thus,  there is no possibility for injunctive relief related to that patent. Further, to any extent Nike and lululemon are competitors with respect to the '749 patent, there is minimal or no harm to Nike since the pool of competitors in the shoe industry is very large and Nike already owns a dominant

-12-

share of the athletic shoe market.  *See Synkloud Techs.*, 2022 WL 1046261, at *4 (finding risk to

a given competitor was minimal where the pool of competitors is large.).

## V.  <u>CONCLUSION</u>

For all of the reasons set forth above, lululemon respectfully requests that the Court stay

this action pending resolution of lululemon's IPRs.


Dated:  November 30, 2023

Respectfully submitted,

<u>/s/Ali S. Razai</u>
Ali S. Razai
Joseph F. Jennings
Brandon G. Smith
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614-3641
Tel.: (949) 760-0404
Fax: (949) 760-9502

Inzer C. Ni
inzer.ni@knobbe.com
Stacy Rush
stacy.rush@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1155 Avenue of the Americas, 24th Floor
New York, NY 10036
Tel: (212) 849-3000
Fax: (212) 849-3001

Jonathan E. Bachand
jonathan.bachand@knobbe.com
Knobbe, Martens, Olson & Bear, LLP
1717 Pennsylvania Avenue N.W.
Suite900
Washington, DC 20006
Tel: 202-640-6400
Fax: 202-640-6401

*Attorneys for Defendant*
LULULEMON USA INC.