March 14, 2024

**VIA ECF**

Hon. Arun Subramanian
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, New York 10007

>   **Re**:   ***Nike, Inc. v. lululemon usa, inc.* (Case No. 1:23-cv-00771) - Letter
>   Motion for Protective Order to Prevent the Deposition of Andy Caine**

Dear Judge Subramanian,

We represent Nike, Inc. in this matter.  Nike respectfully moves for a protective order to prevent the deposition of Andy Caine because Mr. Caine—a senior Nike executive—has no unique knowledge that is relevant to this action.

On March 4, 2024, lululemon noticed the deposition of Mr. Andy Caine, Nike's Vice President of Central Footwear Design Excellence.  Declaration of Aaron Bowling (March 14, 2024) ("Bowling Decl."), ¶¶ 3–5, Ex. A, B.  On March 11, 2024, during an in-person meet-and-confer, Nike told lululemon that, to the best of its knowledge, Mr. Caine does not have any unique, personal knowledge that is relevant to the action.   Bowling Decl. ¶ 6.  Nike asked lululemon to provide their basis for seeking Mr. Caine's deposition. *Id*.  Counsel for lululemon, Mr. Brandon Smith, said that the testimony lululemon seeks from Mr. Caine is "not related to Flyknit,"—the Nike technology to which all of Nike's Asserted Patents relate. *See id*.  Mr. Smith said he would follow-up with his team to see what additional information they were willing to share. *Id*.  The next day, on March 12, lululemon informed Nike that lululemon is "not going to disclose litigation strategy with respect to the reasons for [Mr. Caine's] deposition."  Bowling Decl. ¶¶ 7, 8, Ex. C.

This court disfavors depositions of senior executives that lack personal knowledge of relevant facts or some unique knowledge that is relevant to the action. *Harapeti v. CBS Television Stations Inc.*, No. 21-cv-680, 2021 WL 3932424, at *1 (S.D.N.Y. Sept. 2, 2021); *In re Ski Train Fire of Nov. 11, 2000 Kaprun, Austria*, 2006 WL 1328259, at *10 (S.D.N.Y. May 16, 2006); *See also Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92-cv-4927, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) ("permitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation.").  If a party seeks to depose a senior official of an adversary entity, "the adversary may obtain an order vacating the deposition notice if it can demonstrate that the proposed deponent has no personal knowledge of the relevant facts and no unique knowledge of those facts." *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04-cv-5316, 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006). *See also Burns v. Bank of Am.,* No. 03-cv-1685, 2007 WL 1589437, at *3 (S.D.N.Y. June 4, 2007).  The court's ability to vacate a deposition notice stems from its discretion under Rule 26 to preclude "unreasonably cumulative or duplicative" discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

March 14, 2024
Page 2

This court's decision in *Louis Vuitton* is instructive. 2006 WL 3476735, at *12. In *Louis Vuitton,* the court vacated a deposition notice for a Louis Vuitton executive because "there was no suggestion that [the executive] actually participated in any of the events at issue in this case." *Id.* The court further opined that the noticing party had failed to "present[] a basis for suspecting that [the executive's] generalized knowledge of the business of [Louis Vuitton] is either unique or directly relevant to the issues in this case." *Id.* Among other things, the Court relied on a declaration from the Louis Vuitton executive, who stated he had "no knowledge of pertinent facts or any non-personal knowledge beyond what had already been testified to by [other witnesses]." *Id.* at 11–12.

Here too, Mr. Caine declared under oath that, to the best of his knowledge, he did not participate in any of the events at issue in this case. Bowling Decl. ¶ 8–9, Ex. D (Declaration of Andy Caine (March 13, 2024)). Mr. Caine submitted a declaration in which he states: "Based on my understanding of the issues presented in this case, I do not believe I participated in any of the events at issue in this case, nor do I have any unique knowledge of any pertinent facts." *Id.* lululemon has failed—and in fact refused—to provide a basis for suspecting that Mr. Caine's "generalized knowledge of [Nike's] business is either unique or directly relevant to the issues in this case. Bowling Decl. ¶ 6. *See Louis Vuitton*, 2006 WL 3476735, at *12; *Harapeti*, 2021 WL 3932424, at *1. lululemon's insistence on deposing a senior Nike executive, while refusing to provide any information about the relevance of his testimony, is exactly the type of "harassment" that leads this court to vacate a deposition notice. Bowling Decl. ¶¶ 7, 8, Ex. C. *See Consol. Rail*, 1993 WL 364471, at *1; *Louis Vuitton*, 2006 WL 3476735, at *12.

For these reasons, Nike respectfully requests that the Court enter a protective order preventing lululemon's deposition of Mr. Andy Caine.

Best regards,

Christopher J. Renk (admitted *pro hac vice*)
Michael J. Harris (admitted *pro hac vice*)
Aaron P. Bowling (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
70 W. Madison Street, Suite 4200
Chicago, IL 60602
Email:  chris.renk@arnoldporter.com
michael.harris@arnoldporter.com
aaron.bowling@arnoldporter.com

Michael J. Sebba (SBN 5398540)
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Email:  michael.sebba@arnoldporter.com

March 14, 2024
Page 3

Bridgette C. Gershoni (admitted *pro hac vice*)
Michael J. Gershoni (admitted *pro hac vice*)
Kathleen P. Duffy (SBN 1040190)
Lindsey C. Staubach (admitted *pro hac vice*)
Joseph M. Galvin (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Email:  bridgette.gershoni@arnoldporter.com
michael.gershoni@arnoldporter.com
kathleen.duffy@arnoldporter.com
lindsey.staubach@arnoldporter.com
joe.galvin@arnoldporter.com

Hilda A. Obeng (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
Email: hilda.obeng@arnoldporter.com

lululemon should file any response no later than March 18, 2024. That response should disclose the reasons for Mr. Caine's deposition. The Court will hold a conference on this motion on March 19, 2024 at 4 PM.

The conference will be held via Microsoft Teams. The parties should dial in by calling (646) 453-4442 and entering the Phone Conference ID:  646 061 058, followed by the pound (#) sign.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 14, 2024