# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

Hon. Arun Subramanian
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, N.Y. 10007

Re: *Nike, Inc. v. lululemon usa, inc.*, Case No. 1:23-cv-00771
*Letter Opposing Motion for Protective Order to Prevent the Deposition of Andy Caine*

Dear Judge Subramanian:

We write on behalf of lululemon usa, inc. to oppose Nike's motion for a protective order barring the deposition of Andy Caine. Mr. Caine has knowledge of critical prior art from his time as a footwear designer at Adidas, before he began working for Nike. lululemon is unaware of any other Nike employee with knowledge of this prior art. Although lululemon deposed Adidas, Adidas's witness had limited information about certain prior art products Adidas designed and sold over twenty years ago.

In this patent infringement case, Nike has asserted three patents relating to technology for knitting footwear uppers. The earliest of the three patents, U.S. Patent No. 8,266,749, has a filing date of March 3, 2004. lululemon has raised invalidity defenses based on prior-art knitted footwear that Adidas developed in the late 1990s and early 2000s. Some of that footwear was worn by athletes in the Sydney Olympics in 2000, and all of it was sold in the United States before 2004. These Adidas products anticipate or render obvious the asserted claims of the '749 patent. The importance of these prior art products to this case cannot be overstated; Nike cannot distinguish the methods used to manufacture Adidas's prior art from the methods it accuses of infringement here.

Mr. Caine is a footwear designer. As he explains in his declaration, he was hired by Nike in 2003 as a Senior Designer and later promoted to Footwear Design Director and then Vice President of Footwear Design. Dkt. 119-4 (Caine declaration), ¶ 3. But Nike was not the first company for which Mr. Caine designed footwear. He worked for Adidas from 1998 until 2003, when he was hired away by Nike.[1] Mr. Caine therefore worked at Adidas as a footwear designer when Adidas designed, launched and sold the prior-art knitted footwear at issue here. lululemon is informed and believes that Mr. Caine was the designer of one or more of these prior art shoes, and likely has knowledge of the rest. Accordingly, lululemon seeks to depose Mr. Caine based on his personal knowledge of the Adidas prior art.[2] Moreover, Mr. Caine is uniquely qualified to explain how the design techniques he employed when designing the prior art products for Adidas relate and bear on the techniques he has used to design products for Nike.

---

[1] *See* https://www.linkedin.com/in/andy-caine-18a0564/

[2] Nike's claim that a footwear designer who has worked at Nike since before the asserted patents were filed has no knowledge relevant to this case, which involves Nike footwear patents, is difficult to understand. Regardless, Mr. Caine certainly has knowledge of the Adidas prior art.

Nike cites case law for the proposition that courts disfavor "depositions of senior executives that lack personal knowledge of relevant facts or some unique knowledge that is relevant to the action." Dkt. 118 at 1.  That case law is inapposite because Mr. Caine has unique knowledge of the Adidas prior art.

The rationale for protecting senior executives from deposition is "the concern that litigants may be tempted to use such depositions—and the disruption that they may occasion—as a form of leverage or harassment by forcing senior officials to spend time in preparing for and attending a deposition when they have little or no pertinent testimony to offer."  *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006) (cited by Nike).  "Accordingly, ***where other witnesses have the same knowledge***, it may be appropriate to preclude a redundant deposition of a highly-placed executive."  *Consol. Rail Corp. v. Primary Indus. Corp.*, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (emphasis added) (cited by Nike).  The present case is different because there is no one at Nike that lululemon could depose instead of Mr. Caine.  lululemon is unaware of any other Nike employee who designed footwear at Adidas during the relevant time period.

Nike's reliance on *Louis Vuitton* is misplaced.  In that trademark case, the court rejected the argument that Louis Vuitton's former General Manager could be deposed because "he had overall responsibility for numerous departments at LV, including sales and intellectual-property enforcement."  *Louis Vuitton*, 2006 WL 3476735, at *12.  The court found "no suggestion that he actually participated in any of the events at issue in this case."  *Id.*  Here, lululemon does not seek to depose Mr. Caine because he is currently an executive at Nike and might have knowledge of actions taken by Nike employees under his supervision.  Rather, lululemon seeks to depose Mr. Caine because he was personally involved in designing prior art footwear products for Adidas.

Moreover, the defendant in *Louis Vuitton* had already deposed Louis Vuitton's Intellectual Property Director and failed to show that she could not answer questions that the General Manager might have been able to answer.  *Id.*  Here, there is no lower-level Nike employee who might have more knowledge than Mr. Caine regarding the Adidas prior art.

Nike's suggestion that lululemon seeks to depose Mr. Caine for reasons of "harassment" is unfounded.  Dkt. 118 at 2.  Nike itself has deposed lululemon Directors, VPs, and Senior VPs in this case, as well as lululemon's Chief Accounting Officer.  Regardless of his current position, Mr. Caine has personal knowledge of the design, development, and manufacturing of Adidas footwear twenty-five years ago, which is critical prior art in this case.  lululemon respectfully requests that the Court deny Nike's motion for a protective order and permit lululemon to depose Mr. Caine regarding the Adidas prior art.

**Knobbe Martens**

                Sincerely,

                KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  March 18, 2024      By:/s/ *Ali S. Razai*

                Ali S. Razai
                Joseph F. Jennings
                Brandon G. Smith
                KNOBBE MARTENS OLSON & BEAR LLP
                2040 Main Street, 14th Floor
                Irvine, CA 92614-3641
                Tel.: (949) 760-0404
                Fax: (949) 760-9502

                Inzer C. Ni
                Stacy Rush
                KNOBBE, MARTENS, OLSON & BEAR, LLP
                1155 Avenue of the Americas, 24th Floor
                New York, NY 10036
                Tel: (212) 849-3000
                Fax: (212) 849-3001

                Jonathan E. Bachand
                Knobbe, Martens, Olson & Bear, LLP
                1717 Pennsylvania Avenue N.W.
                Suite 900
                Washington, DC 20006
                Tel: 202-640-6400
                Fax: 202-640-6401

                *Attorneys for Defendant*
                LULULEMON USA, LLC

In light of lululemon's stated reasons for deposing Mr. Caine, Nike's request for a protective order is denied. The conference scheduled for March 19, 2024 is hereby CANCELED. The Clerk of Court is directed to terminate the motion at ECF No. 121.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 19, 2024