# Arnold & Porter

> lululemon's motion is DENIED. lululemon has not shown a sufficient basis to warrant deviating from the default rule of one deposition per expert. The Clerk of Court is directed to terminate the motion at ECF No. 123.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: May 6, 2024

**VIA ECF**

Hon. Arun Subramanian
U.S. District Court S.D.N.Y
500 Pearl Street
New York, New York 10007

Re:   *Nike, Inc. v. lululemon usa, inc.* (Case No. 1:23-cv-00771-AS)
       *Opposition to lululemon's Request for Additional Deposition*

Dear Judge Subramanian,

We represent Nike in this matter. Nike opposes lululemon's letter motion for leave to conduct two depositions of Nike's technical expert, Dr. Christopher M. Pastore. The parties agree that, as a default rule, each witness in this litigation may only be deposed once. Fed. R. Civ. P. 30(a)(2)(A)(ii). The only dispute is whether this case is extraordinarily complex such that it warrants the cost and burden of a second deposition.

By any measure, this case is an ordinary patent case. Nike asserts only three (3) patents—the average in this district.[1] All three patents relate to knitted footwear, a relatively straightforward technology. lululemon challenges the validity of only two patents.[2] And Nike accuses a mere eight (8) products of infringement, most of which relate to only one patent.

| Asserted Patent | Number of Accused Products |
|---|---|
| U.S. Patent No. 8,266,749 | 6 |
| U.S. Patent No. 9,375,046 | 2 |
| U.S. Patent No. 9,730,484 | 2 |

District courts routinely proceed with a single round of depositions in patent infringement cases like this one. *See, e.g., ProconGPS Inc. v. SkyPatrol, LLC*, 2013 WL 11261327 (N.D. Cal. May 22, 2013); Bowling Declaration, Ex. A [Order, *ICM Controls Corp. v. Honeywell Int'l, Inc.*, 5-12-cv-01766, ECF No. 209, at 1 (N.D.N.Y Dec. 19, 2018)]; Ex.B [Order, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 12-cv-05501, ECF No. 420, at 1-2 (N.D. Cal. Sep. 15, 2017)]. For example, in *ProconGPS, Inc. v. SkyPatrol, LLC*—a patent infringement suit concerning GPS tracking technology—the defendants'

---

[1] Based on a survey of 230 patent infringement litigations filed since January 1, 2022, the average patent litigation in S.D.N.Y. involves between two and three patents.

[2] After the Patent Trial and Appeal Board instituted *inter partes* review of U.S. Patent No. 9,730,484, the validity portion of this case collapsed to two patents. *See* IPR2023-01460, Paper 1 at 80 (PTAB Sept. 27, 2023) (lululemon providing a *Sotera* stipulation).

moved the court for two depositions of the plaintiff's experts: the first pertaining to the experts' opening reports, and a second pertaining to the experts' rebuttal reports. *Id.* The court rejected the defendants' motion. *Id.* The court observed that one deposition per expert would be both "more efficient and economical." *Id.* That same rationale applies here.

lululemon's attempt to manufacture case complexity is misleading. *See* Letter Br. at 1. First, lululemon asserts that the length of Dr. Pastore's infringement report—which lululemon claims to be 370 pages—warrants a second deposition. *See id.* But more than half of what lululemon includes in its page count is either (i) non-substantive aspects of the report (i.e., the table of contents, Dr. Pastore's 32-page curriculum vitae, the 25-page list of materials considered) or (ii) reproductions of photographs already in the record. As lululemon notes, Dr. Pastore's report "relies heavily" on photographs. *See id.* Dr. Pastore's report includes more than 350 photographs, most from lululemon's own document production, as opposed to diagrams or figures newly created by Dr. Pastore. Second, lululemon asserts that the length of its own expert reports warrants a second deposition of Dr. Pastore. *See id.* lululemon notes that one of its experts, Dr. Brookstein, submitted a report with "over 600 pages" and "at least eleven distinct invalidity theories." *Id.* But lululemon's decisions about scope and length of Dr. Brookstein's report should not serve as a basis for burdening Dr. Pastore with a second deposition. Indeed, despite the alleged length of Dr. Brookstein's report, Nike seeks only a single deposition of Dr. Brookstein.

lululemon's cited authority is inapposite. *See* Letter Br. at 1–2. Both cases involve far different circumstances than those presented here. First, lululemon points to *Chicago Bridge,* a "very complex" securities class action lawsuit. No. 1:17-cv-01580, 2019 WL 6879321, at *1 (S.D.N.Y. Dec. 16, 2019). The experts in *Chicago Bridge* opined on as many as seventeen separate issues, including the applicability of certain laws, the extent of violations, materiality, and propriety of accounting. *Id., See* Bowling Declaration, Ex. C [Memorandum of Law, *In re Chicago Bridge & Iron Company N.V. Securities Litigation*, 1-17-cv-01580, ECF No. 371, at 1 (S.D.N.Y Dec. 13, 2021)]. And because the parties agreed to schedule depositions in the midst of drafting expert reports, *id., see* Bowling Declaration, Ex. D [Order, *In re Chicago Bridge & Iron Company N.V. Securities Litigation*, 1-17-cv-01580, ECF No. 228, at 1 (S.D.N.Y Nov. 21, 2019)], Judge Schofield determined that a second deposition was necessary to address opinions raised in reports served *after* a first deposition had already occurred, *id.*, 2019 WL 6879321, at *1. Second, lululemon points to *Glaukos Corp. v. Ivantis Inc.*, 2020 WL 1625836 (C.D. Cal. Mar. 2, 2020), where the Court highlighted the complexity of the case by pointing to the 384 docket entries, "12 hours" of "hearings on discovery matters," and corresponding paper submissions from the parties "measuring 47 inches tall," *id.* at *6. Glaukos' expert opined on a variety of topics beyond infringement and validity—including market demand, competition, and the safety and efficacy of both parties' products. *See id.* at *4. In light of this unusual complexity, the *Glaukos* court authorized a second deposition for Glaukos' expert—but only *after* reviewing the transcript from the first deposition and identifying certain testimony and objections that warranted a second deposition. *See id.* at *7. Neither

**Arnold & Porter**

May 3, 2024
Page 3

case supports lululemon's request for two separate days of deposing Dr. Pastore—who opines only on validity and infringement.

lululemon's reliance on Advisory Committee Notes is also inapposite. *See* Letter Br. at 2. The portion of the 1970 Notes to Rule 26 cited by lululemon was rendered moot by subsequent amendments to Rule 26, which now requires experts to submit reports and allows expert depositions as a matter of right. *See* Fed. R. Civ. P. 26 advisory committee's note. Nothing in the Advisory Committee Notes supports this request.

For at least the foregoing reasons, Nike respectfully requests that the Court deny lululemon's motion for leave to conduct two depositions of Nike's technical expert, Dr. Pastore.

Best regards,

/s/ *Aaron P. Bowling*
Aaron P. Bowling

Counsel for Plaintiff Nike, Inc.