UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKE, INC.,

           Plaintiff,

-against-

LULULEMON USA INC.,

           Defendant.

23-CV-771 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

This is a patent infringement case brought by Plaintiff Nike, Inc. ("Nike") against Defendant lululemon usa, inc. ("Lululemon"). Pursuant to the Court's order on July 25, 2024, the deadline to respond to all motions to seal filed with summary judgment briefing or *Daubert* motions was September 9, 2024. *See* ECF No. 136. The Court evaluates motions to seal under the Second Circuit's three-pronged test, which 1) asks whether relevant documents are "judicial documents," 2) considers the "weight" of the "common law presumption of access," and finally 3) "balance[s] competing considerations," including private interests. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted).

The motions addressed in this Order all seek leave to seal entire or portions of summary judgment or *Daubert* filings that are alleged to contain confidential, commercially sensitive, and previously undisclosed financial, marketing, or business material. The Court addresses these two categories separately, applying the three-prong *Lugosch* test to each motion.

**Motions to Seal *Daubert* Briefs**

The following motions seek leave to file *Daubert* briefing under seal:

- **ECF No. 137, Nike's Motion to Seal Opening *Daubert* Brief and Accompanying Filings and Exhibits.** Lululemon submitted a letter in partial support of Nike's Motion. ECF No. 232. The letter requested that only portions of Nike's filings be filed under seal. Nike's omnibus response to motions to seal reiterated this sealing request. ECF No. 218.

Given that the information sought to be sealed in Nike's Motion (ECF No. 137) is "information and material that lululemon has designated confidential," it is Lululemon's

private interests that are at stake. However, Lululemon itself only requests that specific portions of the filings be sealed. *See* ECF No. 232. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted for the portions identified in Lululemon's letter.

Nike's motion is GRANTED IN PART, to the extent supported in Lululemon's letter at ECF No. 232.

- **ECF No. 141, Lululemon's Motion to Seal Memorandum and Exhibits in Support of Motion to Exclude Testimony of John Hansen.** Nike's omnibus response to motions to seal supported Lululemon's Motion. ECF No. 218. Third party PUMA North America, Inc. ("PUMA") also submitted a letter in support of Lululemon's Motion. ECF No. 236. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted.

  Lululemon's motion is GRANTED.

- **ECF No. 147, Lululemon's Motion to Seal Memorandum and Exhibits in Support of Motion to Exclude Testimony of Dr. Chris Pastore.** Nike's omnibus response to motions to seal supported Lululemon's Motion. ECF No. 218. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted.

  Lululemon's motion is GRANTED.

- **ECF No. 165, Nike's Motion to Seal Opposition to Motion to Exclude Testimony of John Hansen.** Lululemon submitted a letter in partial support of Nike's Motion. ECF No. 233. The letter requested that only portions of Nike's filings be filed under seal. PUMA also submitted a letter in support of Nike's Motion. ECF No. 236. Nike's omnibus response to motions to seal reiterated this sealing request. ECF No. 218. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted.

  Nike's motion is GRANTED.

- **ECF No. 167, Nike's Motion to Seal Opposition to Motion to Exclude Testimony of Dr. Chris Pastore.** Lululemon submitted a letter in partial support of Nike's Motion. ECF No. 235. The letter requested that only portions of Nike's filings be filed under seal. Nike's omnibus response to motions to seal reiterated this sealing request. ECF No. 218.

Given that the information sought to be sealed in Nike's Motion (ECF No. 167) does not involve "any information Nike has designated or otherwise asserts is confidential," it is Lululemon's and third parties' private interests that are at stake. However, Lululemon itself only requests that specific portions of the filings be sealed. *See* ECF No. 235. No third party filed a response to Nike's Motion. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted for the portions identified in Lululemon's letter.

Nike's motion is GRANTED IN PART, to the extent supported in Lululemon's letter at ECF No. 235.

- **ECF No. 169, Lululemon's Motion to Seal Exhibits 1 and 3 in Support of Opposition to Nike's Motion to Exclude Certain Opinions of Dr. David S. Brookstein.** Nike's omnibus response to motions to seal supported Lululemon's Motion. ECF No. 218. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted.

    Lululemon's motion is GRANTED.

- **ECF No. 189, Nike's Motion to Seal Reply in Support of Motion to Exclude Certain Opinions of Dr. David S. Brookstein.** Nike's omnibus response to motions to seal reiterated this sealing request. ECF No. 218. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted.

    Nike's motion is GRANTED.

- **ECF No. 197, Lululemon's Motion to Seal Reply in Support of Motion to Exclude Testimony of Nike's Expert.** Nike's omnibus response to motions to seal supported Lululemon's Motion. ECF No. 218. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted.

    Lululemon's motion is GRANTED.

- **ECF No. 200, Lululemon's Motion to Seal Reply Brief and Exhibits in Support of Motion to Exclude Testimony of Nike's Damages Expert.** Nike's omnibus response to motions to seal supported Lululemon's Motion. ECF No. 218. PUMA also submitted a letter in support of Lululemon's Motion. ECF No. 236. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted.

Lululemon's motion is GRANTED.

## Motions to Seal Summary Judgment Briefs

The following motions seek leave to file summary judgment briefing under seal:

- **ECF No. 155, Lululemon's Motion to Seal Rule 56.1 Statement of Uncontested Facts, and Exhibits, in Support of Motion for Summary Judgment.** Nike's omnibus response to motions to seal supported Lululemon's Motion. ECF No. 218. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted.

   Lululemon's motion is GRANTED.

- **ECF No. 174, Lululemon's Motion to Seal Memorandum, Responsive Rule 56.1 Statement, Exhibits, and Declarations in Support of Opposition to Nike's Motion for Summary Judgment.** Nike's omnibus response to motions to seal supported Lululemon's Motion. ECF No. 218. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted.

   Lululemon's motion is GRANTED.

- **ECF No. 191, Nike's Motion to Seal Reply in Support of Motion for Summary Judgment.** Lululemon submitted a letter in partial support of Nike's Motion. ECF No. 237. The letter requested that only portions of Nike's filings be filed under seal. Nike's omnibus response to motions to seal reiterated this sealing request. ECF No. 218.

   Given that the information sought to be sealed in Nike's Motion (ECF No. 191) is "information and material that lululemon has designated confidential," it is Lululemon's private interests that are at stake. However, Lululemon itself only requests that specific portions of the filings be sealed. *See* ECF No. 237. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted for the portions identified in Lululemon's letter.

   Nike's motion is GRANTED IN PART, to the extent supported in Lululemon's letter at ECF No. 237.

- **ECF No. 194, Lululemon's Motion to Seal Response to Nike's Response to Lululemon's Rule 56.1 Statement in Support of Motion for Summary Judgment and Nike's Additional Facts**. Nike's omnibus response to motions to seal supported

4

Lululemon's Motion. ECF No. 218. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted.

Lululemon's motion is GRANTED.

- **ECF No. 205, Nike's Motion to Seal Motion for Summary Judgment.** Lululemon submitted a letter in partial support of Nike's Motion. ECF No. 238. The letter requested that only portions of Nike's filings be filed under seal. Nike's omnibus response to motions to seal reiterated this sealing request. ECF No. 218.

  Given that the information sought to be sealed in Nike's Motion (ECF No. 205) does not involve "any information Nike has designated or otherwise asserts is confidential," it is Lululemon's and third parties' private interests that are at stake. However, Lululemon itself only requests that specific portions of the filings be sealed. *See* ECF No. 238. No third party filed a response to Nike's Motion. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted for the portions identified in Lululemon's letter.

  Nike's motion is GRANTED IN PART, to the extent supported in Lululemon's letter at ECF No. 238.

- **ECF No. 207, Nike's Motion to Seal Opposition to Motion for Summary Judgment.** Lululemon submitted a letter in partial support of Nike's Motion. ECF No. 239. The letter requested that only portions of Nike's filings be filed under seal. Nike's omnibus response to motions to seal reiterated this sealing request. ECF No. 218.

  Given that the information sought to be sealed in Nike's Motion (ECF No. 207) is "information and material that lululemon has designated confidential," it is Lululemon' private interests that are at stake. However, Lululemon itself only requests that specific portions of the filings be sealed. *See* ECF No. 239. Based on the Court's review of the filings, the parties' arguments, and consideration of the *Lugosch* test, the Court finds that sealing is warranted for the portions identified in Lululemon's letter.

  Nike's motion is GRANTED IN PART, to the extent supported in Lululemon's letter at ECF No. 239.

      The Clerk of Court is directed to terminate the motions at ECF Nos. 137, 141, 147, 155, 165, 167, 169, 174, 189, 191, 194, 197, 200, 205, and 207.

      SO ORDERED.

Dated: September 13, 2024
       New York, New York

                                              ARUN SUBRAMANIAN
                                              United States District Judge