UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKE, INC.,

       Plaintiff,

-against-

LULULEMON USA INC.,

       Defendant.

23-CV-771 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

  Lululemon moves to stay this patent-infringement case based on the Patent Trial and Appeal Board ("PTAB") granting *inter partes* review ("IPR") of the three patents in suit. Dkt. 186. Nike opposes the motion. Dkt. 210. For the following reasons, Lululemon's motion is DENIED.

## BACKGROUND

  Nike filed this case on January 30, 2023, Dkt. 1, alleging that Lululemon infringed three Nike patents: U.S. Patent No. 8,266,749 ("the '749 Patent"), U.S. Patent No. 9,375,046 ("the '046 Patent"), and U.S. Patent No. 9,730,484 ("the '484 Patent"). *See id.* ¶¶ 10–17.

  Lululemon filed an IPR petition for the '484 Patent on September 27, 2023, and for the '046 Patent on November 8, 2023. *See* Dkt. 187 at 2. On November 30, 2023, Lululemon filed a motion to stay this case pending the PTAB's decisions. Dkt. 90. (Lululemon had not, at that time, filed an IPR petition as to the '749 Patent, but said that it was planning to do so. *See* Dkt. 127 at 6. It filed its '749 petition on January 12, 2024. *See* Dkt. 187 at 2.)

  The Court denied Lululemon's motion without prejudice on December 12, 2023. Dkt. 97. A few months later, the PTAB granted Lululemon's petitions and instituted review: it granted review of the '484 Patent on March 26, 2024, the '046 Patent on May 24, 2024, and the '749 Patent on August 9, 2024. *See* Dkt. 187 at 2.

  Fact discovery in this case closed on March 15, 2024, and expert discovery finished on June 15, 2024. Dkt. 56. The parties completed summary judgment and *Daubert* briefing on August 19, 2024. Dkt. 210 at 3. On August 14, 2024, five days before briefing on those motions was complete, Lululemon filed a renewed motion to stay. Dkt. 186. Other than the Court's resolution of the pending motions, this case is ready for trial.

## LEGAL STANDARDS

Courts have the "inherent" power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Motions to stay pending IPR proceedings are evaluated using a three-pronged inquiry. First, would a stay simplify the case? Second, how far along are the proceedings? And third, would a stay prejudice the party opposing the stay? *See CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014) (quoting *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009)).

These three considerations are "not exclusive." *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016) (quoting *Rensselaer Polytechnic Inst. v. Apple Inc.*, 2014 WL 201965, at *3 (N.D.N.Y. Jan. 15, 2014)). The "overall circumstances of the case" are also relevant. *Goodman v. Samsung Elecs. Am., Inc.*, 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017). The moving party has the burden of showing that a stay is appropriate. *Id.*

## DISCUSSION

This opinion examines the factors that courts typically analyze in reviewing IPR stay motions, but here's the bottom line: Of course, the PTAB's review may simplify the issues in this case. But for that process to be final, we'll likely have to wait a year or more. So while there may be some benefits to staying things until we get the final word from the PTAB and Federal Circuit, the costs of a stay outweigh them. There is no reason to impose a potentially years-long delay on a matter that will either be terminated at summary judgment or tried in the next few months.

### I. IPR will likely simplify the issues in this case.

When courts find that a party moving for a stay has failed to satisfy this prong, it is usually because the PTAB has not yet made institution decisions. *See, e.g.*, *CDX Diagnostics*, 2014 WL 2854656, at *3–4; *Grecia v. MasterCard, Inc.*, 2017 WL 11566955, at *2 (S.D.N.Y. Apr. 3, 2017). Here, there are three patents at issue, and the PTAB has instituted review on all claims asserted by Nike in all three of the patents. In cases where IPR proceedings are underway, courts reliably find that staying the case pending a PTAB decision will streamline later proceedings. *See, e.g.*, *Karl Storz Endoscopy-Am., Inc. v. Synaptive Med., Inc.*, 2018 WL 11220832, at *1 (S.D.N.Y. Aug. 8, 2018) (finding it "indisputable" post-institution that IPR will simplify a case).

This is true regardless of what the PTAB decides. If the PTAB invalidates Nike's claims and that determination is affirmed by the Federal Circuit, this case will be moot. *See Kannuu Pty Ltd. v. Samsung Elecs. Co., Ltd.*, 2021 WL 195163, at *8–9 (S.D.N.Y. Jan. 19, 2021). If the process results in the invalidation of only some of Nike's claims, significant aspects of this case will be moot, leaving a smaller set of issues to be resolved. *See id.* ("If the PTAB cancels some, but not

all, of the claims under review, it would at least narrow the issues . . . ."). And even if all of Nike's claims are upheld, Lululemon would not be able to raise arguments challenging those claims that it "raised or reasonably could have raised" in the IPR. 35 U.S.C. § 315(e)(2); *see Molo Design, Ltd. v. Chanel, Inc.*, 2022 WL 2135628, at *2 (S.D.N.Y. May 2, 2022).

Nike argues that "IPR estoppel won't prevent [L]ululemon from trying its invalidity theories based on product prior art" because IPRs are only based on patents or printed-publication prior art. Dkt. 210 at 3–5. But an IPR need not "decide every defense in the present action" to have a streamlining effect. *Nanobebe US Inc. v. Mayborn (UK) Ltd.*, 2023 WL 4993642, at *3 (S.D.N.Y. Aug. 4, 2023). At the very least, the PTAB's institution decisions guarantee that—eventually—there will be further guidance one way or the other on what is left of this case to adjudicate.

### II. The proceedings in this case are advanced.

Courts are more likely to grant a stay if a case is at an early stage. This case is not. Both fact and expert discovery are done. The Court has ruled on claim construction, and summary judgment and *Daubert* motions are fully submitted. Dkt. 210 at 7. The only remaining steps for this Court are to resolve the motions and set a date for trial.

Few stay motions come so late in a case. *See, e.g.*, *Rovi Guides, Inc. v. Comcast Corp.*, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017) (finding that courts "routinely refuse[] to grant a stay pending IPR where a case is past the early stages of proceedings" (citations omitted)). In *Rovi*, the close of fact discovery, issuance of a *Markman* order, and start of expert discovery already "weigh[ed] strongly against granting a stay." *Id.* Here, not only is expert discovery complete, so too are *Daubert* and summary judgment briefing. This prong weighs heavily against a stay. *See also CAO Lighting, Inc. v. Feit Elec. Co., Inc.*, 2022 WL 18142504, at *1–2 (C.D. Cal. Dec. 5, 2022); *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022).

Lululemon highlights that neither pretrial deadlines nor a trial date have yet been set, Dkt. 187 at 3, and some courts do consider the absence of a set trial date as evidence that proceedings are at an early stage. However, these decisions almost always mention other markers that a case has not progressed very far. *See, e.g.*, *Straight Path*, 2016 WL 6094114, at *3 (noting the lack of a trial date along with "no discovery" and no claim construction hearing); *PopSockets LLC v. Quest USA Corp.*, 2018 WL 5020172, at *3 (E.D.N.Y. Sept. 12, 2018) (similar). This case has none of those markers.

### III. A stay is unlikely to prejudice Nike.

The third factor is whether Nike would be prejudiced by a stay. "[M]ere delay" is not sufficient to create undue prejudice; instead, the question of prejudice is usually evaluated using

3

four components: 1) when the IPR petition was filed, 2) when the motion for a stay was made, 3) how far the IPR has proceeded, and 4) the parties' relationship. *Rovi Guides*, 2017 WL 4876305, at *4 (quoting *Rensselaer Polytechnic*, 2014 WL 201965, at *4).

### A. The IPR petitions were filed before the deadline.

Lululemon's IPR petitions were filed by the statutory deadline. Dkt. 187 at 6. Nike points out that the most recent petition was filed two weeks prior to the deadline, which means that Lululemon "waited virtually a year to complete its filing." Dkt. 210 at 13. While waiting until shortly before the statutory deadline to file "at least raises the possibility that [the timing] was a dilatory tactic," *Molo Design*, 2022 WL 2135628, at *3 (citation omitted), most courts find it sufficient if IPR petitions are filed within the deadline. *See id.* ("[T]he weight of the decisions in this Circuit counsels in favor of granting a stay where a party files its IPR proceedings within the one-year statutory deadline . . . ."); *OV Loop, Inc. v. Mastercard Inc.*, 2023 WL 7905690, at *4 (S.D.N.Y. Nov. 16, 2023) (similar). That being said, Lululemon provides little explanation for the delay in filing the '749 petition beyond that patent's "extensive litigation history." Dkt. 215 at 5. Indeed, if it had just filed its petitions all at the same time, review of the '749 Patent might have been granted months earlier, and Lululemon might have avoided the situation we're now facing: a motion to stay the case, potentially for years, with summary judgment fully briefed and trial around the corner.

### B. The motion for a stay was made promptly.

As for the stay motion, it was filed promptly. The Court previewed for Lululemon that an appropriate time to renew its motion would be if and when the PTAB instituted IPR on all patents. Dkt. 127 at 6:25–7:3. The PTAB's latest institution decision was issued on August 9, 2024, and Lululemon moved for a stay on August 14, 2024. Dkt. 187 at 2, 6–7, 9. Lululemon's prompt action suggests that its motion for a stay was indeed "not dilatory." *Id.* at 6. Furthermore, Lululemon has been clear regarding its intention to file a renewed motion for a stay. *See* Dkt. 127 at 6–7 (counsel for Lululemon expressing his expectation that "the 749 [IPR petition would be] on file" before the statutory date and predicting that Lululemon would "approach the Court again" for a stay). This "forthcoming" approach to the stay process reduces the likelihood of prejudice to Nike. *CDX Diagnostics*, 2014 WL 2854656, at *4.

### C. All three IPR petitions resulted in institution.

In terms of how far the IPR has proceeded, the PTAB has instituted review on all three patents. *See, e.g.*, *Nanobebe*, 2023 WL 4993642, at *4 (holding that "the status of the review proceedings" weighed "in favor of a stay because the PTAB ha[d] . . . instituted review on the challenged patent claims"); *Rovi Guides*, 2017 WL 4876305, at *4 (finding that prejudice is unlikely if the "PTAB has already granted review"). But institution is just step one. The PTAB has to complete its review and issue its decisions. Those decisions may come as late as August 9, 2025 on the last-filed '749 petition. *See* Dkt. 187 at 2. Then in addition to any petition for rehearing, there's the potential for appellate review by the Federal Circuit. Would this delay cause any prejudice to Nike after it has already litigated this case to nearly the finish line? At best, this factor only slightly favors Lululemon.

### D. The parties are direct competitors.

A stay is more likely to prejudice the nonmoving party when the parties are direct competitors. Here, Nike asserts that it and Lululemon are indeed "direct competitors," Dkt. 210 at 9, and Lululemon does not dispute this. Dkt. 187 at 7. Direct competition between the parties "generally weighs against a stay." *See Nanobebe*, 2023 WL 4993642, at *4.

Lululemon's primary argument is that despite the parties' competition, Nike's failure to seek a preliminary injunction indicates that further delay is unlikely to prejudice Nike, especially as no injunction could be sought based on the expired '749 Patent that is the "only patent asserted against five of [L]ululemon's seven accused products." Dkt. 187 at 7–8. But the "fact that [the] [p]laintiff did not seek a preliminary injunction does not mean that it would not suffer prejudicial harm from its competitor's market activity during a lengthy delay in the case." *CDX Diagnostics*, 2014 WL 2854656, at *5 (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1034 (C.D. Cal. 2013)).

Lululemon argues in the alternative that Nike has failed to explain how its competitor relationship will cause harm if this case is stayed. Nike alleges that a stay would negatively impact its market share and customer goodwill, but it does not provide evidence of "concrete financial harm" or "even specifics regarding any market share or goodwill impact." *Nanobebe*, 2023 WL 4993642, at *4 (quoting *Unicorn Glob., Inc. v. DGL Grp., Ltd.*, 2023 WL 2019092, at *3 (E.D.N.Y. Feb. 15, 2023)). When no specific evidence of harm is provided by the nonmoving party, courts are reluctant to find that this factor weighs strongly against a stay. *See id*. But because it appears to be undisputed that the parties are in fact direct competitors, this factor still weighs slightly against a stay.

In terms of how these factors cash out, they suggest that prejudice to Nike is unlikely. Lululemon filed its IPR petitions on time, Lululemon made a renewed motion for a stay promptly,

IPR has been instituted for all three patents at issue, and the potential prejudice from the parties' direct competition is tempered by Nike's failure to provide more concrete evidence of impending harm.

### IV. On balance, considering the totality of the circumstances, a stay is not warranted.

The PTAB's institution of IPR on all three of the patents at issue makes it almost certain that IPR proceedings will simplify post-IPR civil proceedings, and without considering the advanced stage of this case, the delay caused by a stay would be unlikely to prejudice Nike. But the stage of the case does matter. "[D]istrict courts commonly deny motions to stay" when "proceedings . . . have advanced substantially," *CDX Diagnostics*, 2014 WL 2854656, at *4 (quoting *TouchTunes Music Corp.*, 676 F. Supp. 2d at 177), and Lululemon's renewed motion for a stay comes much later in this case than in the vast majority of cases in which stays have been granted. Since Nike filed its complaint in January 2023, the parties have dedicated almost two years to litigating this case. Resolution of fully briefed motions and (if necessary) trial are the only steps left in this court and are likely to be done within a matter of months. Lululemon has failed to satisfy its burden to demonstrate that the benefits of grinding everything to a halt at this point outweigh the costs.

### CONCLUSION

For the reasons above, Lululemon's motion to stay pending IPR is DENIED. On or before October 14, 2024, the parties should meet and confer and propose two separate weeks in January or February when they would be available for trial in this matter.

The Clerk of Court is directed to terminate the motion at Dkt. 186.

SO ORDERED.

Dated: October 3, 2024
New York, New York

                                            ARUN SUBRAMANIAN
                                            United States District Judge