UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., ) | |
| ) | |
| Plaintiff, Counter-Defendant, ) | |
| ) | |
| vs. ) | Case No. 1:23-cv-00771-AS |
| ) | |
| LULULEMON USA INC., ) | |
| ) | |
| Defendant, Counter-Plaintiff. ) | |
| ) | |

**NIKE'S OMNIBUS RESPONSE TO MOTIONS *IN LIMINE* PAPERS**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| III. | LEGAL STANDARD | 3 |
| IV. | NIKE'S REDACTION REQUESTS AS TO CONFIDENTIAL AGREEMENTS WITH NON-PARTIES SHOULD BE GRANTED | 4 |
| III. | CONCLUSION | 8 |

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                     Page(s)

*Alexander Interactive, Inc. v. Adorama, Inc.*,
   2014 WL 4346174 (S.D.N.Y. Sept. 2, 2014) ............................................................................ 5, 6

*Avocent Redmond Corp. v. Raritan Americas, Inc.*,
   2012 WL 3114855 (S.D.N.Y. July 31, 2012) ................................................................................. 3

*Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*,
   26 F. Supp. 2d 606 (S.D.N.Y. 1998) .......................................................................................... 6, 7

*Gelb v. Am. Tel. & Tel. Co.*,
   813 F. Supp. 1022 (S.D.N.Y. 1993) ........................................................................................... 6, 7

*GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*,
   769 F. Supp. 2d 630 (S.D.N.Y 2011) ............................................................................................. 4

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) ............................................................................................... 3, 5, 6, 7

*Playtex Prod., LLC v. Munchkin, Inc.*,
   2016 WL 1276450 (S.D.N.Y. Mar. 29, 2016) ............................................................................ 6, 7

*Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*,
   2015 WL 4298572 (S.D.N.Y July 15, 2015) .......................................................................... 3, 5, 6

*Rowe v. Google LLC*,
   2022 WL 44675628 (S.D.N.Y. Sept. 26, 2022) .............................................................................. 6

*Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*,
   2008 WL 199537 (S.D.N.Y. Jan. 22, 2008) ................................................................................... 7

*Travelers Indem. Co. v. Excalibur Reins. Corp.*,
   2013 WL 4012772 (D. Conn. Aug. 5, 2013) .................................................................................. 4

*U.S. v. Amodeo*,
   44 F.3d 141 (2d Cir. 1995) .............................................................................................................. 3

*U.S. v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995) ................................................................................................... 3, 5, 6

I.      **INTRODUCTION**

On February 3, 2025, the parties filed motions *in limine* ("MILs"). ECF Nos. 280, 282, 283, 284. The parties filed oppositions on February 12, 2025. ECF Nos. 286, 289, 290. With each round of briefing, the parties filed motions to seal portions of certain of the briefs and/or accompanying filings. ECF Nos. 278, 281, 287.

Since the close of briefing, Nike and lululemon have conferred with each other and with third parties whose confidential information was included in the parties' motion papers in order to prepare narrowly redacted public versions of the filings. Nike now provides this Omnibus Response to each of the motions to seal that included information Nike designated under the Protective Order in this case and which Nike seeks to maintain under seal.[1] *See* ECF No. 54. Concurrent with this filing, Nike submits (1) amended public versions of its own motions *in limine* and opposition to lululemon's motions *in limine* based on its conferrals with lululemon and with implicated third parties, and, to the extent there is remaining information to keep under seal, (2) an additional copy of its sealed filing with proposed redactions in highlighting (yellow for Nike and third parties; pink for lululemon), per Paragraph 11.C.iii of the Court's Individual Practices.

Nike's Omnibus Response addresses the information that Nike requests be maintained under seal, and information of third parties adidas, Puma, and Skechers.[2] Nike understands that lululemon will also be submitting filings to support its requests that certain information be maintained under seal, including information in Nike's sealed filings. Counsel for Nike can be

---

[1] On January 29, 2025, Nike and lululemon jointly sought an extension of time to March 28, 2025 to file responses to all motions to seal filed in connection with motions *in limine*. ECF No. 274. The next day, the Court granted that motion. ECF No. 275. This omnibus response is therefore timely.

[2] In an effort to reduce the number of filings and burden on the Court, Nike obtained emails from adidas and Puma stating their support for maintaining certain confidential information under seal. Nike also reached out to counsel for Skechers on March 21, 2025, but received no response.

available at the Court's convenience to answer any questions or to otherwise discuss these sealing requests.

## II. BACKGROUND

The documents that Nike requests be redacted and/or kept sealed are as follows[3]:

- lululemon's Omnibus Motions *in Limine* (ECF No. 280)
- Exhibit 6 to lululemon's Omnibus Motions *in Limine* (ECF No. 280-2)
- Nike's Opposition to lululemon's Omnibus Motions *in Limine* (ECF No. 289)
- Exhibit E to Nike's Opposition to lululemon's Omnibus Motions *in Limine* (ECF No. 289-6)

The information Nike seeks to redact and/or maintain under seal pertains to confidential settlement agreements between Nike and non-parties and discussion of the terms of those agreements. Nike notes that the instant sealing request concerns the same confidential settlement agreements that Nike and the third parties sought to keep under seal after the parties' summary judgment and *Daubert* briefing. *See* ECF Nos. 217, 218, and 236. The Court granted the parties' previous requests to keep confidential the settlement agreements, summaries, and discussions thereof. ECF No. 250 at 2–3. Nike met and conferred with adidas and Puma to confirm their position on this issue. adidas and Puma each provided Nike with an email in support of maintaining this information under seal, and, in the interest of conserving judicial resources, requested that Nike provide their email to the Court, in lieu of additional filings. Harris Decl., Exs. A and B.

---

[3] The following documents, which Nike now files publicly without redactions, can be fully unsealed: Exhibit B to Nike's Omnibus Motion *in Limine* (ECF No. 283-4); Exhibits A and G to Nike's Opposition to lululemon's Omnibus Motions *in Limine* (ECF Nos. 289-2 and 289-8).

2

Nike's sealing requests are narrowly tailored to protect commercially sensitive information of Nike and non-parties to this action, while at the same time providing the public ample access to these filings.

### III.  LEGAL STANDARD

The Second Circuit applies a three-step process to determine whether documents should be sealed in view of the common law right of access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 114 (2d Cir. 2006). First, "[b]efore any such common law right can attach[,] a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Id.* at 119. A document "must be relevant to the performance of the judicial function and useful in the judicial process," to be a judicial document. *Id.* "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Id.* (citing *U.S. v. Amodeo (Amodeo (I))*, 44 F.3d 141, 145 (2d Cir. 1995)).

Second, the court must determine the weight of the presumption of access. *Lugosch*, 435 F.3d at 119. Where documents are only minimally relevant to the issue before the court, there is a diminished presumption of access. *Id.* (citing *U.S. v. Amodeo (Amodeo (II))*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[W]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.")); *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, at *5 (S.D.N.Y July 15, 2015) ("the presumption of access to these documents is low, because the redacted information is minimally relevant to the parties' claims and does not appear necessary to or helpful in resolving the motion.").

Third, the court must weigh the presumption against any applicable countervailing interest of the parties, such as "the privacy interest of those resisting disclosure." *Lugosch*, 435 F.3d at 120. Where litigation requires the disclosure of proprietary commercial information, such

3

information is routinely sealed. *Avocent Redmond Corp. v. Raritan Americas, Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (allowing the parties to file under seal documents containing "confidential business information…the disclosure of which would cause competitive harm."); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–650 (S.D.N.Y 2011) (sealing documents that contain "highly proprietary material."); *Travelers Indem. Co. v. Excalibur Reins. Corp.*, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) (sealing documents containing "sensitive business information" including "confidential proprietary information [and] documents.").

Nike addresses the specific documents it seeks redact or file under seal below. These documents contain confidential and sensitive business information of Nike and/or non-parties, the public disclosure of which would result in competitive harm. For the reasons discussed herein, the Court should grant the Parties' motions to file under seal. ECF Nos. 278, 281, 287.

**IV.   NIKE'S REDACTION REQUESTS AS TO CONFIDENTIAL AGREEMENTS WITH NON-PARTIES SHOULD BE GRANTED**

First, Nike requests the Court permit Nike to redact discussion of Nike's confidential settlement agreements with third parties from the parties' filings. The following docket entries summarize and discuss the confidential settlement agreements:

- ECF No. 280 pages 16–20;
- ECF No. 280-2 pages 46–50;
- ECF No. 289 pages 7–9;
- ECF No. 289-6 page 3.

During discovery in this action, Nike produced three confidential settlement agreements ("Agreements") between Nike and non-parties that settled disputes involving allegations that Nike competitors infringed Nike's intellectual property relating to knitted footwear, among other things.

ECF No. 218-1, ¶2. The Agreements include confidentiality provisions that prohibit Nike from publicly disclosing the terms of the Agreements. *Id.*, ¶3. To comply with these provisions and protect the Agreements from public disclosure, Nike produced the Agreements as Highly Confidential - Attorney's Eyes Only pursuant to the Courts Protective Order. *Id.*, ¶4 and ECF No. 54. These Agreements and discussion thereof in the parties' filings should be maintained under seal.

Courts in this district routinely seal confidential agreements between a party and non-party because the non-party's interest overcomes a presumption of access. *See Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2–5 (S.D.N.Y. Sept. 2, 2014) (allowing an agreement containing confidential business information between a party and non-party to be filed under seal); *Refco Group*, 2015 WL 4298572, at *5 (permitting redactions to agreement between party and non-party because "the interests of defendants and the non-party entity in maintaining the confidentiality of the information appear to outweigh the public interest in access to the judicial documents."). Additionally, Nike met and conferred with the counter-parties to certain of the Agreements, who provided emails requesting this information remained sealed. Harris Decl., Exs. A and B. The Second Circuit has held that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Amodeo(II)*, 71 F.3d at 1050. Here, the Court should find these privacy interests warrant sealing discussion of the Agreements.

A review of the Second Circuit's three-step sealing test confirms these Agreements and discussion thereof should be maintained under seal.

First, these confidential Agreements are discussed in the parties' motions *in limine* and accompanying exhibits. The Agreements and related discussion are likely judicial documents. *Lugosch*, 435 F.3d at 119.

Second, even if there is a presumption of access, that presumption would be low because the discussion of the Agreements—which pertains to lululemon's motion *in limine*—relates to an evidentiary dispute, not to any "adjudication of litigants' substantive rights." *See Amodeo II*, 71 F.3d at 1050; *Refco*, 2015 WL 4298572, at *5.

Further, the specifics of the Agreements do not bear on the merits of the motion *in limine*, rather the parties' dispute centered on how their experts analyzed the Agreements. Thus, the mention of the Agreements in this context is therefore ancillary to the adjudication of the motion *in limine*. *See Rowe v. Google LLC,* 2022 WL 44675628, at *2 (S.D.N.Y. Sept. 26, 2022) (sealing portions of exhibits on summary judgment where those portions were unnecessary to adjudicate the claims.). Nike's interest—and the interest of the counterparties to the Agreements—in keeping the terms of the confidential Agreements sealed overcomes this diminished presumption. *See Lugosch*, at 119–120; *Refco*, 2015 WL 4298572, at *5; *Alexander Interactive*, 2014 WL 4346174, at *2–5.

Third, Courts in this district typically grant sealing requests and find countervailing privacy interests of the parties outweighs a presumption of access where disclosure of confidential business information would result in competitive injury to the party seeking sealing. *See Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035–1036 (S.D.N.Y. 1993) (finding that "defendants' assertion that its competitors … could use [the information] to do competitive injury to the defendants, is, on the facts of this case, a sufficient basis," for sealing.); *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11–12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact summary judgment brief that referenced "confidential and sensitive business information," because "Plaintiffs would be competitively harmed."); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing decades old confidential business

6

information that "may provide valuable insights into a company's current business practices that a competitor would seek to exploit."); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *7 (S.D.N.Y. Jan. 22, 2008) (finding "competitive injury to the defendants. . . a sufficient basis to grant defendants' motion to seal).

Here, public disclosure of the Agreements would cause Nike competitive harm. The Agreements contain highly sensitive, commercial terms governing the settlement of intellectual property disputes, including confidential financial and payment terms between Nike and its competitors. ECF No. 218, ¶5. Public disclosure of the Agreements would harm Nike. *Id.*, ¶6. The harm to Nike would include undermining Nike's enforcement and policing efforts of its intellectual property rights and the risk that infringers could use the information contained in the Agreements to gain a tactical advantage over Nike that could potentially incentivize future infringement of Nike's intellectual property. *Id.* Further, disclosure of this information would harm the third parties. *See* Harris Decl., Ex. A ("[D]isclosure of [confidential information] would harm adidas's competitive standing or otherwise harm its business interests."); and Ex. B (seeking to keep confidential information sealed "to prevent competitive and other harms to PUMA from its public disclosure"). This type of harm heavily weighs in favor of maintaining the Agreements and discussion thereof under seal. *See Gelb*, 813 F. Supp at 1035–1036; *Playtex*, 2016 WL 1276450, at *11–12; *Encyclopedia Brown*, 26 F. Supp. 2d at 614; *Standard Inv.*, 2008 WL 199537, at *7).

In sum, Nike's proposed redaction pertaining to the Agreements are narrowly tailored to protect Nike's and the non-parties' confidential information and to prevent the harms that would result from public disclosure. Accordingly, Nike respectfully submits that the aforementioned request satisfies the *Lugosch* standard and requests the Court grant its redaction and sealing requests with regards to the Agreements and discussion thereof.

### III.  CONCLUSION

For the foregoing reasons, Nike respectfully requests that the Court grant Nike's narrowly tailored redaction requests.

Dated: March 28, 2025                          ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Michael J. Harris*
Michael J. Harris (admitted *pro hac vice*)
Christopher J. Renk (admitted *pro hac vice*)
Aaron P. Bowling (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
70 W. Madison Street, Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2300
Email: michael.harris@arnoldporter.com
chris.renk@arnoldporter.com
aaron.bowling@arnoldporter.com

Michael J. Sebba (SBN 5398540)
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Email: michael.sebba@arnoldporter.com

Amy L. DeWitt (admitted *pro hac vice*)
Lindsey C. Staubach (admitted *pro hac vice*)
Joseph M. Galvin (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Email: amy.dewitt@arnoldporter.com
lindsey.staubach@arnoldporter.com
joe.galvin@arnoldporter.com

*Attorneys for Plaintiff Nike, Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 28, 2025, I caused a true and correct copy of **NIKE'S OMNIBUS RESPONSE TO MOTIONS IN LIMINE PAPERS** to be served via ECF on the registered participants identified on the Notice of Electronic Filing.

*/s/ Timothy Haugh*
For Plaintiff Nike, Inc.
