# Morgan Lewis

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 359.

**Brandon G. Smith**
Partner
+1.714.830.0443
brandon.g.smith@morganlewis.com

SO ORDERED.

April 14, 2026

Arun Subramanian, U.S.D.J.
Date: May 1, 2026

Honorable Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007
(212) 805-0238

Re:    Nike, Inc. v. Lululemon USA Inc., Case No. 1:23-cv-00771-AS

Dear Judge Subramanian:

Pursuant to Section 11 of Your Honor's Individual Practices for Civil Cases, Defendant lululemon usa inc. ("lululemon"), by and through its undersigned counsel, seeks leave to file its Memorandum of Law in Support of its Motion for Attorney Fees, Other Non-Taxable Expenses, and Prejudgment Interest ("Memorandum") under seal and/or in redacted form solely as to lululemon's fair estimate of its attorneys' fees defending this matter. lululemon does not seek to file under seal any other portion of its Memorandum or any other document accompanying its motion.

**The Court Should Grant lululemon's Narrowly Tailored Request to File Under Seal**

The Second Circuit applies a three-step analysis to determine whether to place a document under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 114 (2d Cir. 2006). First, the court determines whether the document at issue is a "judicial document" to which a presumption of access attaches. *Id.* at 119. Second, the court determines the weight of the presumption by considering "the role of the material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, the court balances the weight of the presumption against countervailing factors such as "the privacy interests of those resisting disclosure." *Id.* at 120.

lululemon's Memorandum includes a "fair estimate" of the amount of attorneys' fees lululemon expended defending against Nike's claims in this litigation. The amount that lululemon has spent to defend this matter is highly confidential information that would not be disclosed anywhere external to lululemon except for in the context of the underlying

**Morgan, Lewis & Bockius** LLP

600 Anton Boulevard
Suite 1800
Costa Mesa, CA  92626-7653          **T** +1.714.830.0600
United States                       **F** +1.714.830.0700

Honorable Arun Subramanian
April 14, 2026
Page 2

motion.  lululemon has provided a fair estimate of its requested fees at this stage under Federal Rule of Civil Procedure 54(d)(2)(B)(iii).

At this stage, lululemon does not ask the court to adjudicate the amount of its attorneys' fees or any related issues such as the reasonableness of hourly rates or the other related calculations.  Only if lululemon's underlying motion is granted will this information be directly at issue.  As such, lululemon's fair estimate of its attorneys' fees is ancillary to the Court's use of its Article III power at this stage.  It is also of minimal value to those monitoring the proceedings of this court, as the amount should not bear on the Court's resolution of the pending motion.  *See Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (sealing portions of exhibits on summary judgment that were unnecessary to adjudicate the claims).

lululemon's fair estimate of its attorneys' fees would give competitors and other industry participants insight into how lululemon approaches defending allegations of patent infringement.  Such insight into lululemon's approach could improperly inform how these competitors and industry participants view future lawsuits against lululemon.  The public disclosure of such information could therefore cause competitive harm to lululemon.  As such, lululemon's privacy interests in maintaining the confidentiality of this information outweigh the presumption of public access to court materials at this stage.

A company's confidential financial information is among the categories of information that are commonly sealed by courts.  *Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. Sept. 28, 2018); *see also Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (granting motion to seal documents containing "financial income statements, forecasts, and projections" because potential confidentiality concerns are high for such "confidential and sensitive business information").  There is no reason lululemon's fair estimate of its attorneys fees should be treated differently in view of the significant privacy interests explained above.

For the reasons above, lululemon respectfully asks the Court to grant its request to file its Memorandum under seal.

Very truly yours,

*/s/ Brandon G. Smith*

Brandon G. Smith

cc: Counsel of Record (via ECF)