UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKE, INC.,

Plaintiff,

-against-

LULULEMON USA INC.,

Defendant.

23-CV-771 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

In this patent infringement case, defendant lululemon has moved for attorney fees, non-taxable costs, and prejudgment interest under 35 U.S.C. § 285. Dkt. 358. Under that provision of the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." There is no dispute that lululemon is the prevailing party here, as it obtained a jury verdict of noninfringement as to one patent and post-trial judgment as a matter of law as to the other patent. *See* Dkts. 356, 357. However, lululemon fails to show that this is an "exceptional" case, so its motion is DENIED.

In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), the Court defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554. Here, neither stands out. The parties litigated Nike's infringement allegations for over three years. After two years of litigation, the Court denied lululemon's motion for summary judgment in full, characterizing the case as "a classic battle of the experts and evidence premised on tests and visual inspections." Dkt. 366-2 at 7:10–11. Even though Nike ultimately lost, its claims were strong

enough to get all the way to trial and obtain a partial jury verdict in its favor. Nike's conduct in litigating this case was also reasonable overall.

lululemon makes several arguments for why this case is exceptional, none of which is persuasive. First, lululemon argues Nike asserted two patents in bad faith. In support, it points to Nike's pursuit of the '484 patent after an adverse claim construction and its assertion of the '749 patent despite known prior art. But Nike's revised infringement theory for the '484 patent presented factual disputes that survived summary judgment, and its decision to drop that patent before trial does not establish that the theory was baseless. As to the '749 patent, the prior art's significance was contested, and Nike's position survived summary judgment and initially prevailed before the jury. The fact that the Court ultimately rejected that position does not establish that Nike pursued it unreasonably or in bad faith.

Second, lululemon argues that Nike violated the Court's order on MIL #4 and the parties' agreement on MIL #12. These arguments concern testimony about competitors' requests to license Nike's patents, as well as Nike's reliance on the licensing testimony in closing. The Court addressed the improper use of licensing evidence through a curative instruction, and lululemon offers no persuasive basis to conclude that the jury disregarded it. The references to Nike's size, even assuming they violated the parties' agreement, likewise do not make this case stand out. Considered together and in the context of the litigation as a whole, these incidents do not warrant a finding of exceptionality.

Finally, lululemon argues Nike acted unreasonably by (A) offering unreliable expert testimony from Dr. Christopher Pastore (which the Court excluded), (B) bringing new accused products into the case close to the end of fact discovery, then dropping them, and (C) pressing an obviousness argument contrary to law. Even assuming some of these maneuvers were unreasonable, these arguments fail because § 285 "require[s] a finding of an exceptional case—

not a finding of an exceptional portion of a case." *Intell. Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1384 (Fed. Cir. 2019). These isolated incidents over the course of three years of litigation do not show that the case as a whole was exceptional.

For these reasons, lululemon's motion for fees is DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. 358.

SO ORDERED.

Dated: October 6, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge